No. 86-29

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

EDWARD WILLIAM RYAN,

        Petitioner and Respondent,

    and

T. JOANN RYAN,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Parker, Sweeney & Healow; Kevin T. Sweeney, Billings,
Montana

    For Respondent:

        Noel K. Larrivee, Missoula, Montana

_____

Submitted on Briefs: April 4, 1986

Decided: June 20, 1986

Filed: JUN 20 1986

*Ethel M. Harrison*

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The appellant Teresa "JoAnn" Ryan appeals the judgment of the Yellowstone County District Court awarding joint custody of the children born of her marriage to the respondent Edward William Ryan, and providing for the division of the marital property.

Affirmed.

Two issues are presented for our determination. These are:

1. Whether the District Court exceeded its jurisdiction and abused its discretion in granting joint custody of alternate weeks and providing that if either parent changed his or her residence from Billings the remaining parent would get sole custody during the school year while the departing parent would have custody reduced to the summer months when school was out; and

2. Whether the District Court abused its discretion by failing to immediately evaluate and divide the equity in the Billings home between the parties rather than waiting until the youngest child became eighteen or the mother moved from the house before that child's eighteenth birthday.

The parties married in June, 1974. Two children were born, now aged three and five. Edward and JoAnn separated in July, 1983, and their marriage was dissolved by order of the District Court on June 4, 1985. In August, 1985, the parties litigated the remaining issues of child custody and the appropriate division of the equity in their Billings residence. The District Court awarded both parents joint legal custody, as well as joint physical custody of the minor

children. The physical custody plan calls for the children to spend alternating weeks in each parent's home. The plan, however, provides that should one parent leave Billings, the parent continuing to reside in the Billings area would gain physical custody of the children during the school year with the other parent having physical custody of the children during the summer months.

The court considered the stipulations between the parties including an agreement that both were fit parents, the recommendations of the Christian Conciliation Service of Montana, and recommendations of Dr. Ned N. Tranel about the appropriateness of joint physical custody. The court also considered JoAnn's wishes to move from Billings to Anaconda, where she was raised, as well as the father's request to have the support payments reduced while the children were with him. The judge refused both requests saying that, "[u]nder the law, it is the best interest of the children which controls as to their custody, so that any maneuvering of parents to serve their own desires does not resolve the issue."

Judicial determination of custody is based on the best interests of the children as expressed in § 40-4-212, MCA. That section provides:

> The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevent factors including:
>
> (1) the wishes of the child's parent or parents as to his custody;
>
> (2) the wishes of the child as to his custodian;
>
> (3) the intereaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school, and community; and

(5) the mental and physical health of all individuals involved.

Malcolm v. Malcolm (Mont. 1982), 640 P.2d 450, 451, 39 St.Rep. 262, 264.

The district judge considered custody proposals from each parent. The court took into account the provisions of the statute, the recommendations of the counseling services which the parties had consulted, and the testimony of Dr. Tranel of the Billings Child Study Center, all of whom recommended joint custody in some form. The court determined that the best interests of the children would be served by adopting the father's proposal that he would have physical custody for one-half of each month, with the children living in his household every other week commencing on alternate Mondays and ending on the following Sunday. The mother would then have the children reside with her on the alternating weeks. If either parent leaves Billings, the remaining parent will have physical custody of the children.

The court said that the plan was structured to encourage the mother to remain in Billings in order for the children to have benefit of her participation in joint custody. The mother is to have the family home and the father is pay $400 a month child support to assist the mother to make the house payments. The father proposed that the support payments be reduced while the children are in his household, but the court found from the evidence that the family home cannot be maintained and kept by the mother under reduced payments of child support. The court acknowledged that the proposal might not prove practical "but the best interest of the children require that the plan be given a try." The District

Court's "decision will be presumed correct and will be upheld unless clear abuse of discretion is shown." In re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 82, 42 St.Rep. 623, 626. We can find no abuse of discretion in the court's finding of what constituted the children's best interests.

Secondly, JoAnn contends the District Court erred in failing to evaluate and divide the equity in the family home. The District Court found that because of the amount of child support contributions ordered to be made by the father, which allows the mother to keep and live in the home, he should share equally in the net proceeds of the sale of the home. The net proceeds are to be determined at the time of the sale rather than the date of dissolution of the marriage. The District Court has wide discretion in determining an equitable division of property pursuant to § 40-4-202, MCA. The test is whether the court abused its discretion in making its order setting aside the family home for the mother. In re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St. Rep. 623. We hold that the court did not abuse its discretion.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

- 5 -