No. 86-568

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
MICHELLE JEAN ENSIGN,

        Petitioner and Appellant,

and

GEORGE DOUGLAS ENSIGN,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Davidson & Poppler; Doris M. Poppler, Billings,
        Montana

    For Respondent:

        Jock B. West, Billings, Montana

---

Submitted on Briefs: April 16, 1987

Decided: July 2, 1987

Filed: JUL 2 - 1987

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Michelle Jean Ensign appeals the judgment of the District Court, Thirteenth Judicial District, County of Yellowstone. We remand the case for determination of a joint custody plan and a determination of maintenance.

Michelle and George Ensign were married November 20, 1971 in Billings, Montana. They had two children, Sam, born November 17, 1972 and Matt, born December 20, 1974. George is employed as a tenured teacher by School District No. 2 in Billings, and holds an M.A. in Education plus 45 credits. Michelle has a high school education, and has had no further schooling or training. She married George at age 18 and was a fulltime mother and homemaker for 14 years. At the time of trial, Michelle was working two minimum wages jobs, six days a week, in Red Lodge, Montana. George's net salary is $1,781.12 per month. Michelle's net salary is approximately $784.00 per month.

Michelle filed a petition for dissolution of marriage on February 13, 1985 and an amended petition February 28, 1985. On August 13, 1985, Michelle obtained a final decree of dissolution by default. George made a motion to set aside the default judgment, such motion being granted August 21, 1985. The matter came before the District Court, sitting without a jury, on June 30, 1986. The District Court issued findings of fact, conclusions of law and a decree of dissolution September 6, 1986.

Michelle appeals the District Court's findings of fact, conclusions of law and judgment on the following issues:

1. Did the trial judge err by failing to make final

decisions as to the sale of the family home, a maintenance award to the wife and a joint custody plan, prior to his retirement from the bench?

2. Does a newly appointed judge have jurisdiction to make findings in a case which he or she did not hear?

3. Did the District Court err in failing to use the Carlson formula in determining child support for the minor children of the parties?

Under issue no. 1, Michelle argues that the final decree was not final since the decree reserved the question of the entitlement to and the amount of a maintenance award and also reserved the formulation of a final joint custody plan until the sale of the family home was resolved. However, under § 40-4-108(1), MCA, a decree of dissolution of marriage is final when entered, subject to the right of appeal. Under § 40-4-104, MCA, a district court is required to enter a decree of dissolution if:

(a) the court finds that one of the parties, at the time the action was commenced, was domiciled in this state or was stationed in this state while a member of the armed services and that the domicile or military presence has been maintained for 90 days next preceding the making of the findings;

(b) the court finds that the marriage is irretrievably broken, which findings shall be supported by evidence:

(i) that the parties have lived separate and apart for a period of more than 180 days next preceding the commencement of this proceeding; or

(ii) that there is serious marital discord which adversely affects the attitude of one or both of the parties towards the marriage;

(c) the court finds that the conciliation provisions of the Montana Conciliation Law and of 40-4-107 either do not apply or have been met; and

- 3 -

(d) to the extent it has jurisdiction to do so, the court has considered, approved, or made provision for child custody, the support of any child entitled to support, the maintenance of either spouse, and the disposition of property.

We note in particular § 40-4-104(1)(d), which has been amended by the 1985 legislature. That subsection formerly read that the court could provide "for a separate, later hearing to complete [the] matters" of child custody, child support, maintenance and property division. The provision for the bifurcated process of granting a dissolution of marriage and later determining the specific terms of property settlement and child custody was deleted by the Montana legislature in an attempt to prevent the situation at bar; namely the prolonged fight over custody, child support and maintenance.

We therefore hold it was error for the District Court to fail to establish a final joint custody plan for the minor children and maintenance award for Michelle Ensign. While the District Court made extensive findings and perceptively outlined the parties' dispute over finances and the sale of the family home, its resolution of those disputes was somewhat ambiguous. In findings nos. 21 through 23, the court stated:

21. The fact of the matter is that respondent's own figures demonstrate that in his present circumstance, his expenses exceed his income by at least $200.00 per month, even without paying anything to petitioner for any purpose. Therefore, keeping the home, which is the anchor to such losing situation, is of questionable advisibility unless it is assumed that doing so will preserve the real potential value of the home for later realization when market conditions improve, and that in the interim, having it for the children represents a significant benefit to them. But, for the reasons already discussed, the only way retention of the home can be accomplished with

- 4 -

fairness to petitioner is for the respondent to buy her interest out. The evidence does not expressly demonstrate that this is within the capabilities of respondent to arrange, however, neither does it eliminate such a possibility. Therefore, it should be retained as an available option.

22. In such circumstances, the respondent should be given the right to purchase, in 30 days from the date hereof, petitioner's one-half interest in the family home, calculated on the basis of a market value of $85,000.00. In calculating the equity of the parties, a deduction of one-half of the usual real estate commission of 7% should be allowed. In addition, there is a loan outstanding to the Teacher's Credit Union in the amount of $4,211.92 at the time of trial. It was incurred in connection with the financing of the family home. There is no evidence that it comprises a lien against the property, but it is not disputed that it is a home-related indebtedness, currently being paid by a deduction from respondent's monthly paycheck. It is appropriate that the petitioner should bear one-half of the balance at the time of sale, to be implemented as a deduction from her share of the home sale proceeds, whether the sale is to respondent or another.

23. If respondent either rejects such opportunity to buy petitioner's interest, or does not do so within the 30 days allowed, the family home should be placed upon the market and sold, with the net proceeds divided equally.

On one hand, the court stated that the sale of the home "should be retained as an available option," on the other hand, the court, recognizing the inherent unfairness of allowing the husband to live in the family home without reimbursing the wife for her interest, set forth the terms of a 30 day buy-out or sale period. Further, the resolution of the joint custody plan and the maintenance award hinged on the sale of the home. It is therefore essential that the District Court implement its findings and establish a final

custody plan and maintenance schedule through an appropriate order.

The second issue raised by Michelle is whether a newly appointed judge may make findings in a case which he or she did not hear. Under the Montana Uniform Marriage and Divorce Act, a court has continuing jurisdiction in matters of maintenance, support, property disposition and child custody. Sections 40-4-208, -211 and -219, MCA. While the new judge may need to hear new evidence in order to formulate the joint custody plan and to determine a maintenance schedule, the judge is also entitled to rely on the record established in the case. On remand both parties will have the opportunity to produce further evidence in support of a joint custody plan and maintenance.

The final issue is whether the District Court was required to use the child support formula set forth in In Re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. As we have previously stated, the Carlson formula is a suggested guideline. In Re Marriage of DiPasquale (Mont. 1986), 716 P.2d 223, 226, 43 St.Rep. 557, 561. The District Court's decision will be upheld absent a clear showing of abuse of discretion. In Re Marriage of Ryan (Mont. 1986), 720 P.2d 691, 693, 43 St.Rep. 1163, 1165; In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 82, 42 St.Rep. 623, 626. We find no evidence to indicate the District Court abused its discretion in determining child support payments in this case. However, on remand the District Court may need to reconsider the factors listed in § 40-4-204(1), MCA, if the financial resources of the parties have changed since the decree was issued. It should be noted that on January 13, 1987, we also adopted suggested guidelines for courts to determine child support, now found in 44 St.Rep. 828.

We remand this case to the District Court for a determination of a joint custody plan, a maintenance award and a settlement of the disposition of the family home.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices