No. 89-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990


In Re the Marriage of

Kathryn Signe Gray,

           Petitioner and Appellant,

     -vs-

Dennis Keith Gray,

           Respondent and Respondent.


APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Daniels,
               The Honorable M. James Sorte, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Laura Christoffersen, Gallagher, Archambeault & Knierim,
          Wolf Point, MT

     For Respondent:

          Ken W. Hoversland, Scobey, MT


Submitted:  12/07/89

Decided:  March 12, 1990

Filed:

_____
                    Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Kathryn Signe Gray appeals the findings of fact, conclusions at law and order of the Fifteenth Judicial District, Daniels County, determining modification of child support. We reverse and remand for a modification of child support consistent with this opinion.

Kathryn and Dennis Gray were married on December 9, 1972. The couple had two children, Daniel, born February 19, 1975, and Tessa, born August 28, 1978. The parties were divorced on July 13, 1985. At the time of the dissolution, the court reserved its ruling regarding child support for a later date. On September 26, 1985, the District Court ordered Dennis to pay $103.71 per child per month as support for the children.

On July 29, 1988, Kathryn petitioned the District Court to modify the previous decree asserting that she had suffered a substantial and continuing change in circumstances that caused the previous order to be unconscionable. Since the time of the dissolution, Kathryn has suffered from cataracts, and a dysfunctional pancreas. In addition, the parties' daughter needs extensive orthodontic work. Kathryn's medical insurance fails to cover a substantial portion of these medical and dental expenses.

Kathryn works at the Sheridan County A.S.C.S. office where she earns $795.62 per month. The District Court

determined Kathryn's yearly income to be $9,547.44. Her employer provides health insurance for herself and her children. At the time of the hearing, Kathryn had outstanding bills of $4,279.00. She testified that she charged her medications and groceries and paid whatever she could on these bills each month. Furthermore, she testified that she has never been able to pay the full amount of her bills each month, and thus her medical and grocery bills continue to mount.

Dennis Gray leases two separate farms in Sheridan County, Montana, from Bob Scott. One farm is known as the Bob Scott place and the other as the Neil Grinker place. The Scott lease provided that Scott would supply the farm land, and the machinery necessary to do the farming. In turn, Dennis provided all the labor, repairs, spray, fuel and expenses necessary for the farms. Dennis testified that he paid all of his own taxes, social security, insurance, and unemployment insurance.

There is conflicting evidence on the amount of crops Dennis was entitled to under the lease with Scott. According to the Sheridan County A.S.C.S. office, Dennis is entitled to one-half of the crop on the Bob Scott place and one-third of the crop on the Grinker place. At the hearing, however, Dennis testified that the lease entitled him to only one-fourth of the crop from the Grinker place.

Dennis also testified that he received $5,406 in crop

insurance. In addition he received $9,474 from the government farm programs. He earned approximately $4,000 in livestock sales and $850 from truck driving. The District Court, relying on Dennis' tax returns, determined that he earned $11,835 after subtracting his expenses.

Applying the child support guidelines to the facts the District Court arrived at the following:

| | |
|---|---|
| Income Mother | $ 9,547.44 |
| Income Father | 11,835.00 |
| | |
| Combined Income | $21,382.44 |

Percentage from table for two children:
(27.1 divided by 2) + (33.5 divided by 2) = 30.3%

| | |
|---|---|
| Mother's yearly & monthly obligations $2,892.74 divided by 12 = | $241.06 |
| Father's yearly & monthly obligations $3,586.01 divided by 12 = | $298.83 |
| Mother's monthly obligation per child: | $120.53 |
| Father's monthly obligation per child: | $149.42 |

Furthermore, the District Court found Kathryn in need of assistance for the orthodontia and optometrical expenses of the children and that Dennis was capable of paying 50% of such expenses.

Kathryn appeals the District Court's findings of fact, conclusions of law and judgment on the following issues:

1. The court erred in failing to attribute unsold 1988 durum wheat to Dennis Gray's income when calculating the child support obligation owed to Kathryn Gray.

4

2. The court erred in finding that Dennis Gray received only 913 bushels of barley and 1,474 bushels of durum wheat from his farming operations in 1988.

3. The court erred in failing to consider Dennis Gray's employment benefits when calculating the amount of child support due to Kathryn Gray.

4. The Court erred in failing to consider Dennis' trucking income in calculating his child support obligation.

This Court has adopted the Uniform District Court Rule on Child Support Guidelines (1987), 227 Mont. 1, 44 St.Rep. 828 (Guidelines). The Guidelines are a suggested procedure for the determination of child support. Although the Guidelines are not expressly binding, when used by the District Court, all findings are reviewable. Absent a clear showing of abuse of discretion, the District Court will be upheld. In Re the Marriage of Mitchell (1987), 229 Mont. 242-245, 746 P.2d 598, 600; In Re the Marriage of Ensign (1987), 227 Mont. 357, 361, 739 P.2d 479, 482; In Re the Marriage of Ryan (1986), 222 Mont. 188, 191, 720 P.2d 691, 693. We find the District Court abused its discretion.

I.

The court erred in failing to attribute unsold 1988 durum wheat to Dennis Gray's income when calculating the child support obligation owed to Kathryn Gray.

The District Court in its findings of fact and conclusions of law found that all of the assets held by Dennis

5

are used to provide a primary source of income. Thus, the District Court concluded that these income producing farm assets are properly excluded as income to determine Dennis' child support obligation. The District Court determined the unsold wheat harvested during 1988 to be one of the income producing assets. Kathryn alleges this unsold wheat is not an income producing asset which can be excluded from the child support calculations under the Guidelines. Guidelines, Part 4, 227 Mont. at 6-7. The District Court is correct in its assertion that income producing assets are excluded from the child support formula, however, the unsold grain is not an income producing asset. The unsold grain kept on hand is the fruit of Dennis' labor for the 1988 year. It is his income for that year and should be considered regarding his ability to pay child support.

The District Court seems to infer in its findings that all of the 1988 wheat crop should be utilized by Dennis to cover his 1989 farm expenses. Clearly, the District Court is incorrect. The 1988 wheat crop is income for that year to be considered when determining his child support obligation. The 1989 farm expenses should be paid by the proceeds of the 1989 crop, farm program payments and crop insurance benefits, not the unsold 1988 wheat crop.

Dennis contends that his 1988 tax returns are a true reflection of his income. We find no merit in Dennis' contention. His tax returns fail to list the 1988 wheat crop

as income.  This Court held in In Re the Marriage of Mitchell (1987), 229 Mont. 242, 246-47, 746 P.2d 598, 602, that when determining income under the Guidelines, it is disposable income of the parent, and not their income tax returns alone, which must be considered by the Court.  Clearly the unsold wheat is disposable income, and thus properly placed under the Guidelines.

## II.

The court erred in finding that Dennis Gray only received 913 bushels of barley and 1,474 bushels of durum wheat.

According to the A.S.C.S. records submitted at trial, Dennis is entitled to one-half of the crop from the Bob Scott place and one-third of the crop from the Grinker place.  At trial, Dennis testified he was only entitled to one-fourth of the crop from the Grinker place.  Despite this testimony, after the trial, Dennis once again met with the A.S.C.S. office and reasserted that he was entitled to one-third of the crop from the Grinker place for the year 1989.  The District Court in its original findings of fact and conclusions of law agreed with Dennis and stated the following:

> The Respondent testified he had on hand 1,474 bushels of durum wheat, and had sold 913 bushels of barley.  The Respondent arrived at this figure from the crop insurance worksheet under which he receives 50% of all grain grown on the Scott lands and 25% of all the grains raised on the Grinker farm.  The crop insurance report shows 2485 bushels of durum and 1496 bushels of barley raised on the Scott farm and 926 bushels of durum and 660 bushels of barley raised on the Grinker property.  The Respondent further testified that he sold the barley for approximately $2.00 a bushel and that the durum was

7

worth $4.75 a bushel at the present time.

After the District Court handed down its order, Kathryn filed a motion to amend the findings, or a motion for a new trial alleging, among other things, that the District Court incorrectly determined the percentage of crops Dennis received from the Grinker place.

In response to Kathryn's motion, Dennis argued the discrepancies in the bushels amounted to only $304.50 in A.S.C.S. disaster and deficiency payments. According to Dennis, the $304.50 would be "de minimis" and thus the District Court should refuse to grant a new trial. The District Court agreed, and refused to grant a new trial.

Later, on June 5, 1989, after a further review of the evidence, the District Court amended its findings, and stated the following:

> In its earlier findings and conclusions issued by the Court on March 31, 1989, the Court considered the Respondent's income from the Grinker land to be one-fourth of the government benefits and now believes it should be one-third. The difference in income to be credited the Respondent is $304.50. Applying the Montana Child Support Guidelines for child support, 30.3% of the $304.50 should be payable in child support [304.50 x .303 = 92.26 yearly, divided by 12 = 7.69 per month].
>
> Therefore, the Court amends the Findings of Fact and Conclusions of Law dated March 31, 1989, and order Respondent to pay child support of $157.11 per child per month, or a total of $314.22 per month.

While the District Court recalculated the child support obligation in regard to the government crop payments, the District Court failed to determine how the change from one-

fourth to one-third would effect the amount of crops Dennis was entitled from the Grinker place. Ultimately the change to one-third would guarantee Dennis a larger share in the wheat and barley crops harvested from the Grinker place. To complicate matters even worse, now Kathryn argues that evidence exists in the A.S.C.S. records that Dennis is entitled to all of the barley and wheat raised at the Grinker place. Rather than make a determination on the amount of crops from the Grinker place, Dennis is entitled to, we remand to the District Court to calculate the amount of crops belonging to Dennis from the Grinker place. We also note, as previously stated, the District Court should include the unsold 1988 wheat from the Grinker place in its calculations.

## III.

The court erred in failing to consider Dennis Gray's benefits when calculating the amount of child support due to Kathryn Gray.

Section III, Part 1 of the Guidelines provides that the court should consider employment benefits as income to the parent if such benefits provide something that the parent would otherwise have to provide. 227 Mont. at 5. Dennis Gray testified that Scott provides him with housing, utilities, housing fuel and telephone expenses. The District Court, however, failed to consider these employment benefits in calculating Dennis' child support obligations under the Guidelines' formula. These employment benefits constitute

gross income under the Guidelines, and should be considered when the District Court calculates Dennis' ability to pay child support.

IV.

The court erred in failing to consider trucking income in calculating his child support obligation.

Dennis testified that he received $850 from his truck driving in 1988. That income is not reported on his 1988 income tax returns. The District Court disregarded Dennis' income earned from his truck driving due to the fact that it has not been reported on his 1988 tax returns. While tax returns are a valuable tool in the determination of the child support, the District Court should have looked beyond the tax returns and found the $850 as income under the Guidelines. In re the Marriage of Mitchell (1987), 229 Mont. 246-47, 746 P.2d 598, 602.

Accordingly, we reverse and remand for modification of child support consistent with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_William E. Hurt Sr._

_R. C. McDonough_

_Fred J. Weber_

Justices