No. 89-579

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE
OF NANCY JEAN SMITH,
    Petitioner and Appellant,

and

STANLEY NORMAN SMITH,
    Respondent and Respondent.


APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Noel K. Larrivee, Larrivee Law Offices, Missoula,
        Montana

    For Respondent:

        Douglas A. Buxbaum & Mark W. Mattioli, Poore, Roth
        & Robinson, Butte, Montana


Submitted: March 16, 1990

Decided: May 10, 1990

Filed:

_____
Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Nancy Jean Smith, now Nancy Jean Ferguson (Ferguson), appeals the findings of fact, conclusions of law and order of the Third Judicial District, Powell County, determining modification of child support. We affirm.

Ferguson raises the following issues on appeal:

1. Whether the District Court improperly excluded certain portions of Smith's income in applying the Montana Child Support Guidelines.

2. Whether the District Court failed to consider the standard of living the parties' child would have enjoyed had the marriage not been dissolved.

3. Whether the District Court failed to determine one of the requested items of relief pertaining to annual costs of living increases in Ferguson's motion for modification.

4. Whether Ferguson should be awarded her attorney fees and cost incurred in bringing her motion for modification of child support.

5. Whether the request for modification of child support should have been made retroactive to the date of filing the original motion for modification of child support.

Ferguson and Stanley Norman Smith (Smith) were married at Deer Lodge, Montana, on July 6, 1974. The couple had one child, Jennifer, born September 19, 1980. The parties were divorced in December of 1985. The divorce decree provided that Smith should pay Ferguson $400 per month for the care and support of the minor child, Jennifer. The decree also provided for a cost-of-living adjustment, increasing the child support by a specified sum periodically. As the District Court noted in its findings, Smith has duly paid his child support obligation from the time of the dissolution of the marriage up to the present.

In addition to child support, Ferguson received alimony, $80,000 in equity in the family home in Deer Lodge, interest in a

condominium, and a contract from Smith requiring him to make escrow payments in the amount of $4,025 per year from 1985 through 1990, increasing to the sum of $9,209 per year for five years following December of 1990. Ferguson remains in possession of these assets, with the exception of the alimony, which payments have now ended.

On November 13, 1987, Ferguson petitioned the District Court to modify the previous decree asserting that she had suffered a substantial and continuing change in circumstances that caused the previous order to be unconscionable. Later, Ferguson filed an amended motion for modification, requesting the court to increase the child support to reflect increases in the cost of living; that the court make modification retroactive from the date of filing the original motion, November 13, 1987; and, that Ferguson be awarded her costs and attorney fees in bringing the motion.

At the time of the December 1985 dissolution, Ferguson had a college degree with previous college teaching experience and a real estate broker's license. She is currently employed as a financial planner. Despite her current employment, Ferguson's income over the last two years was $5,000 in 1987, and $1,919.60 in 1988. Although Ferguson's earnings have been dismal, she testified that she eventually expects to earn about $17,000 per year at her current job.

Although Ferguson was aware of her obligations at the time of the dissolution and she fully consented to the property division, she testified that she did not appreciate how much it would cost to raise Jennifer. Ferguson testified that her expenses had substantially increased since 1985. She testified that she spent approximately $120,000 over the last three years supporting herself and Jennifer. She estimated her pre-tax expenses for raising Jennifer at $18,000 per year.

Smith is currently practicing medicine in Alaska. Smith's gross income at the time of the dissolution was approximately $60,000 per year. Since the divorce, Smith has moved to Alaska and his present gross income is approximately $11,110.30 per month. The District Court found that Smith's income available for support

3

is $5,342 per month. The District Court arrived at this figure by deducting the following expenses from Smith's gross income of $11,110.30 per month.

| | | |
|---|---|---:|
| Office meals | $ | 85.00 |
| Income Taxes | | 2,667.00 |
| FICA | | 281.63 |
| Dues/Publications | | 97.21 |
| Continuing Medical Education | | 153.50 |
| Business Travel | | 102.50 |
| (except business travel associated with the divorce proceedings themselves) | | |
| Blue Cross Medical Insurance Premium | | 202.00 |
| Auto Expense | | 428.45 |
| Professional Attorney Fees | | 96.00 |
| Professional Accounting Fees | | 259.08 |
| Century Apartment Contribution for Custodial Parent | | 166.69 |
| Business Losses: Cobblestone Apartments | | 718.26 |
| Nancy Jean Smith Escrow Payment | | 335.00 |
| Medical Expenses prorated one-half | | 22.85 |
| TOTAL | | $ 5,615.67 |

At the hearing, Ferguson offered Ms. Carol Mitchell, an experienced divorce attorney, as an expert witness concerning the application of the Child Support Guidelines. While cross-examined by Smith's counsel, Ms. Mitchell testified that the above listed deductions were legitimate deductions from Smith's monthly income as a means of applying the Child Support Guidelines. The District Court also deducted Smith's disability insurance premium.

The District Court utilized the Child Support Guidelines, and determined Smith's child support obligation as follows:

| | |
|---|---:|
| Undisputed Deductions From Income | $ 5,615.67 |
| Disability Insurance Premium | 152.36 |
| TOTAL DEDUCTIONS | $ 5,768.03 |
| | |
| Monthly Income | $11,110.33 |
| Less Deductions | 5,768.03 |

4

Income for Support                          5,342.30

                                             x  .136

Respondent's Child Support Obligation    $    726.55

Furthermore, the District Court declined to apply the increase in child support back to the original motion. The District Court explained that "the motion was filed nearly two years ago and has been mutually continued by the parties for most of that time." The court further found that "Respondent has always paid the support that was ordered by the court and it would place a substantial unfair burden on the Respondent to pay retroactive child support at this time." The District Court also denied Ferguson's request for costs and attorney fees.

In reviewing orders of the District Court we presume the judgment of the District Court is correct. In Re the Marriage of Reynolds (1983), 203 Mont. 97, 102, 660 P.2d 90, 93. We will reverse the District Court only when there is a clear abuse of discretion.

This Court has adopted the Uniform District Court Rule on Child Support Guidelines (1987), 227 Mont. 1, 44 St.Rep. 828 (Guidelines). The Guidelines are a suggested procedure for the determination of child support. Although the Guidelines are not expressly binding, when used by the District Court, all findings are reviewable. As previously stated, absent a clear showing of abuse of discretion, the District Court's findings will be upheld. In the Marriage of Gray (Mont. 1990), 47 St.Rep. 552, 554; In Re the Marriage of Mitchell (1987), 229 Mont. 242, 245, 746 P.2d 598,

5

600; In Re the Marriage of Ensign (1987), 227 Mont. 357, 361, 739 P.2d 479, 482; In Re the Marriage of Ryan (1986), 222 Mont. 188, 191, 720 P.2d 691, 693. We find the District Court did not abuse its discretion.

I

Whether the District Court improperly excluded certain portions of Smith's income in applying the Montana Child Support Guidelines.

The District Court properly found Smith's total monthly income to be $11,110.33 per month. The District Court then listed in its findings of fact the monthly expenses noted above which Smith claims are legitimate deductions under the Guidelines from his monthly income. The District Court found that ". . . these items are not substantially in dispute between the parties as legitimate deductions from income to calculate child support under the guidelines." However, Ferguson disagrees with the District Court, and argues the finding is clearly erroneous. To determine whether the District Court abused its discretion, we naturally look to the Guidelines for guidance. Part 5 of the Guidelines expressly provides the following:

> The implementation of the policy of keeping primary focus on the needs of the child(ren) requires that from each obligor parent's income only a minimum of exclusions be allowed. Therefore, from gross income only the following are subtracted as deductions: federal and state income taxes; FICA; union dues, retirement contribution,; uniforms, etc., which are required as a condition of employment and are not reimbursed by the employer; legitimate business expenses; and health insurance if the benefits are maintained for the obligor parent's dependents, including the child(ren) of the action at hand.

6

Ferguson is not disputing the deductions for income taxes and FICA contribution, as those are expressly included within part 5 of the Guidelines. However, she contends the District Court's deductions for dues and publications; auto expenses; attorney fees; accounting fees; and deductions for business investments, are not listed as allowable deductions under the Guidelines. Ferguson is correct, the Guidelines do not specifically set forth the deduction adopted by the District Court. However, the Guidelines do permit deductions for "legitimate business expenses." We find Smith's deductions fall under the category of "legitimate business deductions." Thus, we find the lower court properly exercised its discretion in finding Smith's expenses as proper deductions. This is supported by the testimony of Ferguson's own expert witness, Ms. Mitchell. Ms. Mitchell testified that the expenses adopted by the District Court were legitimate deductions from Smith's monthly income under the Guidelines. Ferguson offered no testimony contrary to the testimony of her own expert. The District Court cannot be faulted for accepting the only testimony offered on the deductions. It has long been the rule of this Court that on appeal we will not put a District Court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which appellant made no objection. In Re the Marriage of Green (1978), 176 Mont. 532, 536, 579 P.2d 1235, 1237; Dieruf v. Gollaher (1971), 156 Mont. 440, 447, 481 P.2d 322, 326; Johnson v. Green (1969), 153 Mont. 251, 255, 456 P.2d 290, 293; Harris v. Lloyd (1891), 11 Mont. 390, 28 P. 736. Thus, the District Court's decision was far from

arbitrary; rather, the court's decision was clearly within the bounds of reason given the evidence presented.

The only additional deduction by the court, and not concurred in by Ms. Mitchell, was a $152.36 per month deduction for Smith's disability insurance premium. The District Court explained the following reason for Smith purchasing the disability insurance, "The investment in a disability insurance policy is maintained by the respondent in order to enable him to meet his obligations, including the obligation to Jennifer, in the event of his disability." While disability insurance premiums are not specified as a deduction under the Guidelines, we adopt the District Court's finding and rationale for including Smith's disability insurance premium as a deduction:

> The Court concludes that the Respondent, . . . , should be encouraged, as a matter of public policy, to carry disability insurance. To refuse such a deduction would constitute an impediment to the provision of such coverage and would run counter to the overall policy of law in terms of child support. Consequently, the Court concludes that the disability insurance premium is a legitimate expense deduction under the Guidelines, and is at least partially for the benefit of the minor child.

II

Whether the District Court failed to consider the standard of living the parties' minor child would have enjoyed had the marriage not been dissolved.

In determining child support § 40-4-204(2)(c), MCA, expressly directs the District Court to consider the "standard of living the child would have enjoyed had the marriage not been dissolved." In Re the Marriage of Grenfell (1979), 182 Mont. 229, 232, 596 P.2d

8

205, 207. Ferguson argues the District Court, in its findings of fact and conclusions of law, failed to consider the "standard of living of the child" in determining the amount of the child support modification and, just as in In Re the Marriage of Anderson (1988), 230 Mont. 89, 93, 748 P.2d 469, 471, such lack of findings should serve as a grounds for reversal. The record reveals the District Court heard extensive testimony and received numerous exhibits concerning the income of the parties, the expenses of Jennifer, and the standard of living of all the parties before and after the dissolution. Contrary to Ferguson's assertions, the District Court did consider "the standard of living of the child" when the court increased Smith's child support payments from $400 per month to $726.55 per month. We find no abuse of discretion by the District Court in determining the child support award.

III

Whether the District Court failed to determine one of the requested items of relief pertaining to annual cost of living increases in Ferguson's Motion for Modification.

On January 25, 1989, Ferguson filed an Amended Motion for Modification of Child Support, requesting among other things, that ". . . (the amount of) child support be increased annually to reflect the increase in the cost of living, by the amount of $50.00 per month each year, commencing twelve (12) months after the date of modification." A review of the District Court's findings of fact and conclusions of law reveal the court failed to make any findings or conclusions as to Ferguson's cost of living request.

This oversight, according to Ferguson, is an abuse of the lower court's discretion.

The record discloses the District Court did not, in fact, ignore Ferguson's request. Ferguson submitted extensive findings of fact and conclusions in which her request for a cost of living increase was clearly before the court and denied. It is clear from the District Court's findings and conclusion that the court sifted through the proposed findings of both parties and rejected various findings and conclusions. The court's denial of the cost of living increase would not, within the meaning of this Court's test of abuse of discretion, result in any substantial injustice to Ferguson who will receive $726.55 per month in child support.

Finally, the Court's denial of a cost of living increase is supported by Ferguson's potential earning capacity, her substantial equity in the Deer Lodge home, and the $9,209 she will receive in each of the next five years. Thus, the District Court acted properly in not awarding a cost of living increase to Ferguson.

IV

Whether Ferguson should be awarded her attorney fees and costs incurred in bringing her motion for modification of child support.

The awarding of attorney fees are governed by § 40-4-110, MCA, which states:

> The Court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment . . . (Emphasis added.)

10

This Court has stated that the awarding of attorney fees is clearly permissive under this statute. In Re the Marriage of Gallinger (1986), 221 Mont. 463, 471, 719 P.2d 777, 782-83; In Re the Marriage of Obergfell (1985), 218 Mont. 83, 88, 708 P.2d 561, 564. The appropriate standard for reviewing a district court decision not to award attorney fees under § 40-4-110, MCA, is whether the Court abused its discretion in refusing to award such fees. Anderson, 748 P.2d at 472; In Re the Marriage of J.J.C. (1987), 227 Mont. 264, 270, 739 P.2d 465, 469; In Re the Marriage of Nalivka (1986), 222 Mont.84, 91, 720 P.2d 683, 688; Gallinger, 719 P.2d at 782-83. Ferguson argues that the District Court abused its discretion because the court failed to state reasons for the denial. In the past, this lack of specifics would have constituted remandable error. However, this Court, in Gallinger, 719 P.2d at 782-83, specifically overruled that requirement, adopting instead the "abuse of discretion" standard for reviewing the District Court's award of attorney fees.

In this case, the record indicates the District Court was cognizant of the financial resources and financial burdens of both parties as required by § 40-4-110, MCA, and, although Ferguson was not in as strong a financial position as Smith, the record indicates she still has sufficient financial resources to be responsible for her own attorney fees. Thus, we find no abuse of discretion by the District Court in ordering the parties to pay their own attorney fees and costs.

V

11

Whether the request for modification of child support should have been made retroactive to the date of filing the original motion for modification of child support.

Ferguson complains that the District Court erred by failing to make the child support retroactive to the date of the original motion for modification. A review of the record reveals this matter was properly brought before the District Court for modification on November 13, 1987. The request for modification was continued for hearing for more than 15 months. After 14 months had elapsed, Ferguson filed an amended motion for modification requesting, among other things, that the modification be made retroactive from the date of filing of the original motion. Ferguson argues that Smith is responsible for this delay, and therefore the District Court should have ordered him to pay retroactive child support. We disagree with Ferguson, and instead adopt the District Court's findings. After reviewing the record, the District Court properly concluded that "the case had been continued on mutual agreement of the parties for over two years." Furthermore, the court correctly noted that "Respondent has always paid the support that was ordered by the court and it would place a substantial unfair burden on the Respondent to pay retroactive child support at this time." We see no abuse of discretion in the District Court's denial of Ferguson's request for retroactive child support.

Accordingly, we affirm the District Court.

_____
                                        Justice

12

We Concur:

_John Conway Harrison_

_William E Hunter_

_R. C. McDonough_

_____
Justices