FILED

01/30/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0367

DA 17-0367

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 15N

IN RE THE MARRIAGE OF:

JENNA C. HOBART, n/k/a JENNA C. KAVANAUGH,

      Petitioner and Appellee,

  And

JEFFREY V. HOBART,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-15-878 (C)
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David F. Stufft, Attorney at Law, Kalispell, Montana

      For Appellee:

      Katherine P. Maxwell, Law Office of Katherine P. Maxwell, PLLC,
Kalispell, Montana

Submitted on Briefs:  November 29, 2017

Decided:  January 30, 2018

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jeffrey Hobart (Hobart) appeals a decision by the Eleventh Judicial District Court denying Hobart's Motion to Set Aside Order of Contempt. We affirm.

¶3 On September 7, 2016, Hobart and Jenna Kavanaugh (Kavanaugh) signed a Parenting Plan and Separation and Property Settlement Agreement (Agreement). The Agreement required Hobart to pay Kavanaugh $7,000 within ten days of the receipt of his annuity in November 2016 for family support. The Agreement awarded Kavanaugh possession of a 2015 Toyota RAV4 that the couple began to lease shortly before their divorce. The Agreement required that Kavanaugh make the monthly lease payments of $374.90.

¶4 Kavanaugh could not keep up with the monthly lease payments for the RAV4. On October 13, 2016, Hobart went to Kavanaugh's residence and picked the vehicle up along with its documentation. On December 7, 2016, Hobart's counsel wrote to Kavanaugh's counsel, saying Hobart did not want to make the lease payments and would deliver the car back to Kavanaugh the following day along with the $7,000 family support payment. Hobart failed to do so and continued to drive the vehicle and make lease payments.

¶5     On January 11, 2017, Kavanaugh filed a Motion for Contempt and to Modify Decree.  Along with the provision regarding the RAV4, Kavanaugh also asked the District Court to modify the Agreement to allocate $2,229.14 that had accumulated in an escrow account to cover insurance and property taxes for the family home.  Because the loan was in Hobart's name, the escrow balance was refunded to him after closing.  These funds were not mentioned in the original Agreement.  Kavanaugh's counsel certified that she mailed the motion to Hobart's counsel on January 11, 2017.  Hobart did not respond to the motion.

¶6     On January 17, 2017, the District Court issued an Order to Show Cause requiring Hobart to appear on February 8, 2017, and show cause why he should not be found in contempt for failing to pay family support.  Hobart did not appear at the show cause hearing on February 8, 2017.  Hobart's attorney alleges that he did not appear because he was ill and did not know about the hearing.  Further, the attorney acknowledged he did not advise his client because during this time, the attorney had stayed home and did not check the online District Court calendar.

¶7     On February 13, 2017, the District Court issued its Findings of Fact, Conclusions of Law and Order on Contempt, as well as its Order Modifying Decree.  The District Court held Hobart in contempt for not paying Kavanaugh $7,000 in family support.  The District Court modified the Agreement, making Hobart responsible for the lease payments on the RAV4 and ordered Hobart to pay Kavanaugh half of the escrow amount.  The District Court's minute entries following the February 8, 2017 show cause hearing indicate that the court ruled Hobart could purge the contempt by paying the full amount

3

of family support within thirty days. Hobart did not pay the amount due within thirty days, and he filed a Motion to Set Aside Order of Contempt on February 13, 2017.

¶8 Hobart's counsel argued that the contempt order should be vacated because his conduct constituted "excusable neglect" pursuant to M. R. Civ. P. 60(b)(1) and (b)(6). Hobart alleged that the contempt order and modifications were the result of Kavanaugh "and her attorney failing to inform the Court what was ongoing" and that the District Court's finding was not supported by substantial evidence. On May 1, 2017, the District Court denied Hobart's motion. On June 1, 2017, the District Court ordered Hobart to pay Kavanaugh $2,152 for attorney fees and costs pursuant to an attorney fee provision within the Agreement.

¶9 Montana law does not provide for an appeal from a contempt order; the exclusive method of review in civil proceedings is by application for writ of certiorari. Section 3-1-523(1), MCA. However, a party may appeal a contempt judgment or order in a family law proceeding when the judgment or order appealed from includes an ancillary order that affects the substantial rights of the parties involved. Section 3-1-523(2), MCA. If the family law exception applies, this Court reviews contempt orders to first determine whether the district court acted within its jurisdiction and second whether there is evidence to support the finding of contempt. *Marez v. Marshall*, 2014 MT 333, ¶ 23, 377 Mont. 304, 340 P.3d 520.

¶10 The District Court's order that Hobart appeals from was not a default judgment. Although both parties make default judgment arguments on appeal, the District Court's Order on Respondent's Motion to Set Aside Order of Contempt makes it clear that its

4

decision was not one of default. A review of the record shows that the District Court found Hobart in contempt. Therefore, we will not address the parties' default judgment arguments.[1]

¶11 The District Court's Contempt Order falls within the family law exception under § 3-1-523(2), MCA. The record reflects that the District Court's orders following the show cause hearing not only held Hobart in contempt, but also modified the Agreement. The District Court's Contempt Order was not a "lone contempt order" because it also made Hobart responsible for the lease payments on the RAV4 and required him to pay Kavanaugh $1,114.57 of the escrow amount. *See Marez*, ¶ 25 (holding the district court's Findings of Fact, Conclusions of Law, and Order on Motions addressed nine separate motions, making the contempt order appealable). In this case we will consider the appeal because the order included an ancillary order affecting the substantial rights of the parties.

¶12 The District Court acted within its jurisdiction. Hobart cites to Rule 2 of the Eleventh Judicial District Court Rules for Flathead County, which states "No matter may be set for Law and Motion until the motion and all documents relevant to the matter to be heard have been filed and any proposed Order or Decree has been submitted to the Clerk of Court 48 hours in advance." Hobart argues that his due process rights were violated

---

[1] Historically, this Court has made it clear that an attorney's neglect and lack of diligence does not satisfy the excusable neglect criteria of M. R. Civ. P. 60(b). *In re Marriage of Castor*, 249 Mont. 495, 817 P.2d 665 (1991); *Watson v. Fultz*, 239 Mont. 364, 782 P.2d 361 (1989); *Griffin v. Scott*, 218 Mont. 410, 710 P.2d 1337 (1985); *see Detienne v. Sandrock*, 2017 MT 181, 388 Mont. 179, 400 P.3d 682 (holding that an attorney's conduct was not excusable neglect when he failed to submit a timely answer to the complaint and failed to promptly move to have the default set aside).

because Kavanaugh failed to comply with Rule 2 and that the rule is jurisdictional. However, his due process rights were not violated and Rule 2 is procedural rather than jurisdictional. Further, Hobart's jurisdictional analysis lacks authority. It is not this Court's obligation to conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may lend support to his position. *State v. Hicks*, 2006 MT 71, ¶ 22, 331 Mont. 471, 133 P.3d 206. The District Court had jurisdiction when it held Hobart in contempt. *See In re Marriage of Ensign*, 227 Mont. 357, 361, 739 P.2d 479, 482 (1987) (holding a court has continuing jurisdiction over matters of maintenance, support, property disposition, and child custody).

¶13 The District Court's Contempt Order is supported by evidence. Hobart alleges that the District Court only found him in contempt after it modified the Property Settlement Agreement, which relied upon misinformation provided by Kavanaugh's attorney, and not substantial evidence. However, the District Court ordered that the Agreement required Hobart to pay Kavanaugh family support in the amount of $7,000 within ten days of receiving his annuity, which was due to him on November 29, 2016. Hobart failed to pay Kavanaugh $7,000 by December 9, 2016. Hobart failed to respond to Kavanaugh's January 11, 2017 motion to hold Hobart in contempt, and he did not seek a continuance or appear at the February 8, 2017 show cause hearing. Moreover, the District Court allowed Hobart to purge the contempt by paying within thirty days. Evidence in the record supports the District Court's Order of Contempt.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15    The District Court orders on contempt and modifying the decree are affirmed.


                                                    /S/ MIKE McGRATH


We Concur:


/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR