FILED

09/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0654

DA 19-0654

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 235N

IN RE THE MARRIAGE OF:

TODD DELROY SCHMIDT,

       Petitioner and Appellee,

  and

AIMEE CATHERINE LAMOREAUX,
f/k/a/ AIMEE CATHERINE SCHMIDT,

       Respondent and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District,<br>In and For the County of Flathead, Cause No. DR-10-360(A)<br>Honorable Amy Eddy, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Megan Timm, Gravis Law, PLLC, Kalispell, Montana

      For Appellee:

          Penni L. Chisholm, Chisholm & Chisholm, P.C., Columbia Falls, Montana

Submitted on Briefs: August 12, 2020

Decided: September 15, 2020

Filed:

_____
              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Aimee Catherine Lamoreaux (Aimee) appeals from the Findings of Fact, Conclusions of Law and Order issued December 21, 2016, and Contempt Order issued January 8, 2019, by the Eleventh Judicial District Court, Flathead County. We affirm.

¶3 The parties have had protracted disagreements in dissolving their marriage and effectuating the ordered distribution of their assets and debts post dissolution. This is the second appeal in this cause. *See In re Marriage of Schmidt*, 2014 MT 182, 375 Mont. 420, 329 P.3d 570. Following another round of litigation regarding Aimee's complete and total failure to satisfy or even attempt to satisfy the marital asset and debt distribution of the parties' amended decree issued post-remittitur to effectuate the holding of this Court related to the first appeal, the District Court issued Findings of Fact, Conclusions of Law and Order on December 21, 2016, and a Contempt Order on January 8, 2019. Aimee appeals, asserting the District Court erred in amending the decree of dissolution to include an omitted list of property and by exceeding its contempt jurisdiction by imposing a penalty of more than $500, or alternatively, erred by modifying the decree of dissolution, or alternatively, erred in inequitably modifying the decree.

2

¶4 The District Court did an exemplary job in outlining the protracted procedural history and facts of this case in its Orders of December 21, 2016, and January 8, 2019, including recitation of Aimee's contemptuous actions and omissions. From our review of the record the District Court's account is procedurally and factually correct, and we decline to repeat a recitation of the procedural and factual history again.

¶5 We review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Kesler*, 2018 MT 231, ¶ 15, 392 Mont. 540, 427 P.3d 77. We review conclusions of law to determine if they are correct. *In re Marriage of Kesler*, ¶ 15. Finally, we review an award of attorney fees to determine whether the court abused its discretion. *Cadena v. Fries*, 2015 MT 90, ¶ 7, 378 Mont. 409, 346 P.3d 347. Under the family law exception, we review contempt orders to determine whether the district court acted within its jurisdiction, and if so, whether the evidence supports the findings of the court. *Lee v. Lee*, 2000 MT 67, ¶ 19, 299 Mont. 78, 996 P.2d 389.

¶6 Todd asserts Aimee's appeal should be dismissed without consideration of the merits under the Unclean Hands doctrine found at § 1-3-208, MCA, which provides a person may not take advantage of the person's own wrongs—in essence, one who seeks equity must do equity. We agree. Aimee has exhibited an extraordinary refusal to recognize the authority of the judicial system and has both openly and tacitly refused to comply with court orders. Rather than provide Todd with the personal property allocated to him, she engaged in lying, manipulation, deceit, and ultimate refusal to comply with court orders. She needlessly sought multiple "clarifications" of very clear, concise court

3

orders regarding items of personal property. She was ordered to pay the Discover credit card bill. She did not. As Todd remained liable to Discover until the card was paid off, to protect his own credit he made payments on the card. Rather than pay the obligation or even work with Todd to protect his credit, she complained she does not understand how the unpaid balance continues to increase or how Todd is damaged by the funds he has expended toward the Discover obligation. Although Todd was not awarded the family residence, he remained obligated on the mortgage loan until the loan was satisfied through refinancing or the mortgage was otherwise paid. Rather than make the mortgage payments or even work with Todd and the bank to effectuate a reasonable solution, she placed Todd in an untenable position—if he did nothing by her continued non-payment he would continue to become further indebted on the mortgage. Given Aimee's non-compliance in paying the mortgage, Todd had little option other than to work with First Interstate Bank to minimize deficiency on the mortgage obligation. Rather than accept her responsibility in losing her equity in the home and causing Todd to have to expend funds to pay the bank in connection with the short sale of the home, she complained she never wanted the family residence in the first place—continuing to not accept the judicial allocation of the marital estate, which was affirmed by this Court.

¶7 Aimee has failed to turn over any of the personal property awarded to Todd. She has made no payment on the property equalization judgment. She failed to pay the marital debts assigned to her. To avoid compliance with the amended decree, she has needlessly multiplied proceedings to the point that the District Court, in essence, found her to be a

4

vexatious litigant and precluded her from filing additional documents without approval of the court. In sum, we agree with Todd—Aimee comes before this court with unclean hands alleging the District Court inequitably modified the decree.

¶8 While dismissal of Aimee's appeal may be justified based on her complete and utter lack of any good faith effort to comply, as well as her intentional non-compliance with the allocation of assets and debts affirmed by this Court, upon review of the record, we also find no error by the District Court.

¶9 Aimee argues the District Court's jurisdiction was limited to remedies for contempt—implementing a maximum $500 fine or incarceration until she complied with the decree. We do not find this argument persuasive. A court has continuing jurisdiction over property disposition incident to a dissolution. *In re Marriage of Ensign*, 227 Mont. 357, 361, 739 P.2d 479, 482 (1987); *see also Lee*, ¶ 49. The District Court set forth detailed findings of fact supported by substantial evidence as to why it found Aimee in contempt of court. Here, similar to *Lee*, the District Court did not exceed its jurisdiction when it found Aimee in contempt and formulated remedies designed to compensate Todd for the losses he incurred as a result of Aimee's contempt.

¶10 We are also not persuaded by Aimee's argument, raised for the first time on appeal, that as Todd's motions were pled as motions for contempt and not motions to modify the judgment, the District Court was without jurisdiction to enter judgments compensating Todd for damages he sustained as a result of Aimee's failures to abide by the amended decree. Although Aimee did not preserve this issue for appeal, from our review of the

5

record, the District Court did not modify the amended decree to reallocate more or less than 50 percent of the marital estate to either party. While Aimee had the right to dissipate the assets allocated to her and incur additional debts that she alone would be responsible to satisfy, she did not have the right to dissipate assets allocated to Todd or increase debts for which Todd was responsible to the debt holder. The District Court's orders were designed to effectuate the equal division of the marital assets and debts between the parties ordered in the original decree and affirmed by this Court. As Aimee wrongfully retained property belonging to Todd, the District Court correctly determined she should pay him the value of that property. As Aimee did not pay debts allocated to her, Todd was required by the debt holders to pay them. The District Court correctly determined Aimee should pay Todd for the amount of the debts shifted to him. It is not appropriate for Aimee to retain 50 percent of her civil Thrift Savings Plan (TSP) retirement benefits together with all of the earnings on her share accumulating since 2012 when she refused to pay Todd the equalization payment of $34,023 determined by this Court. To effectuate the original 50/50 division of marital assets and debts affirmed by this Court, the District Court correctly reallocated Aimee's TSP by issuing an amended retirement benefits order.[1] The evidence

---

[1] We are not persuaded by Aimee's argument, again raised for the first time on appeal, that her civilian retirement account is exempt from execution. Contrary to Aimee's assertion, 5 U.S.C. § 8437(e)(3) provides a TSP is subject to execution, levy, attachment, or other legal process on an obligation to make payment to another person under 5 U.S.C. § 8467, which authorizes district courts to divide retirement accounts incident to a dissolution action.

We are likewise not persuaded by Aimee's argument that her retirement account is exempt from execution under § 25-13-608, MCA, as Aimee is not a judgment debtor and Todd is not a judgment creditor with respect to the court's reallocation of the retirement account. Todd is a recipient of marital assets equitably divided by the court between the parties.

of record supports the detailed findings made by the District Court in regard to the marital assets and debts.

¶11    Finally, we are unpersuaded by Aimee's arguments, once again raised for the first time on appeal, that interest accruing on the amounts added to the original judgment and on attorney fees exceeds the statutory rate and should be reduced. The original Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage of October 23, 2012, provided for 12 percent per annum interest on the judgment for the equalization payment owed by Aimee. Aimee did not appeal the interest rate in her first appeal, nor did she argue the court erred in continuing the same rate of interest applied to the sums added to the judgment in 2016. The attorney fee judgment issued February 1, 2017, also contained an interest rate of 12 percent per annum. Again, Aimee did not contest or otherwise raise any objection to the interest rate prior to this appeal. It is well established this Court will not consider issues raised for the first time on appeal as it would be fundamentally unfair to fault the District Court for not properly addressing an issue which it never had the opportunity to consider. *City of Missoula v. Williams*, 2017 MT 282, ¶ 26, 389 Mont. 303, 406 P.3d 8. Thus, we conclude Aimee's contentions with regard to interest provided for in the judgments entered to date are not timely and not properly preserved for appeal.[2]

---

[2] Aimee also asserts the District Court, in its Contempt Order of January 8, 2019, improperly ordered interest to be compounded monthly. For clarification purposes, we do not interpret the District Court's order to provide for monthly compounding of interest and to the extent an argument could be made otherwise, we do not accept it. We interpret the language in the January 8, 2019 order to mean that interest will be calculated monthly.

7

¶12 In sum, we conclude the District Court has jurisdiction not only regarding the contempt issues but continuing jurisdiction over property issues, its findings of fact are not clearly erroneous, its conclusions of law are correct, and it did not abuse its discretion.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE

Justice Dirk Sandefur did not participate in the decision of this matter.