No. 89-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
WILLIAM LUNDVALL,

        Petitioner and Respondent,

   and

PAULINE LUNDVALL,

        Respondent and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary A. Ryder, Forsyth, Montana

    For Respondent:

        John S. Forsythe, Forsyth, Montana

Submitted on Briefs: Nov. 2, 1989

Decided: January 29, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Pauline Lundvall appeals from a judgment of the District Court, Sixteenth Judicial District, Rosebud County, in a marital dissolution case, which judgment denied Pauline Lundvall maintenance and attorney fees. Finding error in the basic facts on which the District Court founded its judgment, we reverse and remand to the District Court for further consideration of those items.

In 1982, Pauline Judd, recently widowed, responded to a personal advertisement placed by William Lundvall in a national tabloid magazine. She moved to Colstrip, Montana, in March, 1982, and became Mrs. William Lundvall on December 12, 1982. The parties separated on November 11, 1987.

At the time of the dissolution, the husband was employed as a heavy equipment operator having a monthly net income of $1,640.00. The wife was employed part-time as a nurses' aide and earned a monthly income of $316.68. The District Court found that William had monthly living expenses of $711.27, plus a monthly debt obligation of $867.42. In the case of the wife, the court found her monthly living expenses to be $785.00. To her monthly earnings of $316.68, the District Court also added payments which she might receive from the sale of her home in Vermont in the amount of $200.00 per month. The District Court also found that Pauline had health problems which prohibited her from working full time.

The District Court distributed the marital property of the parties as follows:

To the husband:

| | | |
|---|---|---|
| Wicks mobile home | $7,000.00 | |
| with its indebtedness of | 4,600.00 | $2,400.00 |
| Lot in Colstrip | 9,000.00 | |
| with its indebtedness of | 1,700.00 | 7,300.00 |
| 1982 Buick | 3,100.00 | |
| with its indebtedness of | 2,100.00 | 1,000.00 |
| IRA Colstrip Bank | 2,000.00 | 2,000.00 |
| 1974 Chevrolet pickup | 700.00 | 700.00 |

2

| | | |
|---|---:|---:|
| U.S. Bond | 450.00 | 450.00 |
| Valley Credit Union | 2,500.00 | 2,500.00 |
| Rifle | 300.00 | 300.00 |
| IRA Valley Credit Union | 1,600.00 | 1,600.00 |
| Tools and garden equip. | 500.00 | 500.00 |

Total                                                $18,700.00

To the wife:

| | | |
|---|---:|---:|
| 1982 Conversion Van without a debt | $5,000.00 | 5,000.00 |
| IRA | 1,750.00 | 1,750.00 |
| Rocky Judd's mobile home | 2,500.00 | 2,500.00 |
| Her equity in the Vt. home | 5,000.00 | 5,000.00 |
| 10 monthly payments of temporary support @ $400.00 | 4,000.00 | 4,000.00 |

Total                                                $18,250.00

The item above of $4,000.00 which the District Court considered an asset assignable to the wife was 10 monthly payments of temporary support ordered by the court to be paid by William to Pauline. The effect of the District Court order is to charge Pauline the full amount of all the maintenance payments that had been made to her under a temporary maintenance order of the District Court issued in connection with the marital dissolution. Obviously, the District Court erred in considering the total amount of maintenance payments to be a marital asset.

Considering Pauline's ability to work, the District Court found that she had health problems which prohibited her from working full time. The court concluded, however, that "these health problems are the result of the aging process and were not caused by this marriage." The District Court in its conclusions of law stated that the husband "is not financially responsible for respondent's health condition caused by aging in a marriage of this

3

duration."

The factors on which a district court may decide whether maintenance should be awarded to a spouse are set forth in § 40-4-203, MCA. Included in those factors which the District Court may consider are the financial resources of the party seeking maintenance; the ability of that spouse to meet his or her needs independently; the age and physical and emotional condition of the spouse seeking the maintenance; the duration of the marriage; and the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. An award or denial of maintenance must be made in accordance with the factors set forth in this statute. Laster v. Laster (1982), 197 Mont. 470, 643 P.2d 597; Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205.

With respect to whether the spouse that seeks maintenance will receive sufficient property to provide for the spouse's needs (§ 40-4-203(1)(a), MCA), the term "sufficient property" means income-producing, not income-consuming. Laster v. Laster, supra. Moreover, the true net worth of the marital estate must be accurately determined in accordance with the requirement of § 40-4-202, MCA, before the issues of equitable apportionment and maintenance can be resolved. Marriage of Peterson (1981), 195 Mont. 157, 636 P.2d 821.

The testimony of the wife with respect to the Vermont home was that the sales contract was in default and that the Vermont real estate taxes had not been paid on the property. The income-

4

producing effect of the remaining marital property awarded to the wife is negligible. The "asset" of temporary maintenance already received by the wife is in its nature non-income producing.

The comment of the District Court that it had "yet to see a successful mail order marriage" and its conclusion that the husband was not financially responsible for the wife's health condition caused by aging in a marriage of five year duration show that the District Court placed undue emphasis on these factors. In Marriage of Forney (1986), 221 Mont. 63, 716 P.2d 635, where the parties had separated less than a year after the marriage, we affirmed the District Court which had recognized appropriate standards for awarding maintenance, including the fact that the wife lacked sufficient property to provide for her reasonable needs, and that she was unable to support herself through appropriate employment, as well as the fact that the husband had the financial resources to pay maintenance and still meet his own needs.

While the duration of a marriage is a factor to be considered in connection with the award of maintenance, § 40-4-203, MCA, it is not an overriding factor so as to preclude consideration by the District Court of other equitable reasons set forth in the statute for the award of maintenance.

Accordingly, we reverse and remand this cause to the District Court for further consideration on the issue of maintenance. The total amount of temporary maintenance received by the wife from the husband is not to be considered an asset in that determination. The fact that the wife's health condition is the result of the

aging process, if this be true, is not a precluding factor in whether the wife's health condition prevents her from engaging in remunerative work. On remand, the District Court is free to consider all relative factors, including those set out in § 40-4-203, MCA, in determining whether Pauline is entitled to maintenance.

With respect to attorney fees, the award or denial of such attorney fees to the wife may depend on what is further found by the District Court relating to maintenance. It is another item to be reconsidered by the District Court on remand.

Reversed and remanded.

_____
John B. Sheehy
Justice

We Concur:

_____
John Conway Harrison

_____
William E. Hunt Sr.

_____

_____
R. C. McDonough
Justices

6