No. 88-553

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF SUSAN
RIDGEWAY ERNST,
    Petitioner and Appellant,
    -vs-
LENNIE RAY ERNST,
    Respondent and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
    In and for the County of Judith Basin,
    The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Joan Meyer Nye, Billings, Montana

    For Respondent:

    Jo Mickelson, Dorsey & Whitney, Billings, Montana

Submitted:  May 5, 1990

Decided:  May 24, 1990

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The husband in a dissolution action, Lennie Ray Ernst, appeals from the judgment of the District Court of the Tenth Judicial District, Judith Basin County, which ordered him to pay maintenance support to the wife and cross-appellant, Susan Ridgeway Ernst. We affirm and dismiss the cross-appeal.

The issues raised on appeal are:

(1) Whether the District Court properly complied with the requirements of § 40-4-203(2), MCA, by awarding the wife maintenance in the form of monthly payments, educational expenses, and psychotherapy costs.

(2) Whether an award of $30,000.00 to the wife in the distribution of property by the District Court was a clear abuse of discretion.

(3) Whether the District Court's findings, particularly findings nos. 10, 11 and 15, are clearly erroneous.

(4) Whether this Court has jurisdiction over the wife's cross-appeal.

Susan Ridgeway Ernst, the wife, and Lennie Ray Ernst, the husband, were married in Stanford, Montana, in 1976 and were married 11 years prior to their separation in March, 1987. Two children were born of this marriage: Ashley Jean Ernst, who was born on July 29, 1982, and Brandon Jacob Ernst, who was born on August 29, 1984. At the time wife and the husband separated, the wife was 30 years old and the husband was 32 years old.

During the majority of their marriage, the wife and the husband resided on the Ernst family farm located south of Stanford. The husband has worked the family farm and developed it into a profitable enterprise. The wife, who had been valedictorian of her high school class, obtained one year of secretarial training and had worked outside the home during the first years of marriage. The wife quit her job in 1981 during her first pregnancy and has not worked outside the home since that time.

2

During their marriage, there were times when the husband was physically abusive to the wife. The majority of these incidents occurred during the first few years of marriage. It was common that these incidents were precipitated by the husband's alcohol use. The husband has been diagnosed as suffering from an episodic alcohol abuse disorder and from an intermittent explosive personality disorder.

The wife has recently been diagnosed as suffering from a paranoid mental disorder. During the marriage, the wife was suffering from the affects of this disorder.

The wife filed for dissolution on April 24, 1987. A five day trial was held in February, 1988, on the issues of custody, property division and maintenance. Expert testimony was presented regarding both parties' mental disorders. Expert testimony was also offered regarding the effects of spouse abuse syndrome. In May of 1988, the wife's mental disorder resulted in the District Court committing the wife to the Montana Deaconess Medical Center in Billings, Montana, for a 30-day evaluation. On July 1, 1988, the court entered its findings of fact and conclusions of law. A motion to modify the findings of fact was filed by the wife on July 14, 1988. The husband contested this motion to modify upon jurisdictional grounds and, therefore, filed a notice of appeal on August 16, 1988. The court ruled on the wife's motion on September 14, 1988, and the next day entered the final Decree of Dissolution.

The husband filed a motion to amend the final decree, pursuant to Rule 59(g), M.R.Civ.P., on September 26, 1988. Before the District Court had ruled on the husband's motion, the wife filed a notice of appeal. This notice of appeal was filed on October 12, 1988. The court subsequently ruled upon the husband's motion on November 7, 1988. The husband filed his second notice of appeal on December 5, 1988.

The first issue on appeal is whether the District Court properly complied with the requirements of § 40-4-203, MCA, by awarding the wife maintenance in the form of monthly payments of

3

$800.00, educational expenses to pursue a bachelor's degree, and psychotherapy costs.

The appropriate standard of review for an award of maintenance is established by statute at § 40-4-203, MCA. See In re the Marriage of Barnard, __ P.2d __, 47 St.Rep. 152 (1990); In re the Marriage of Lundvall, 786 P.2d 10, 47 St.Rep. 173 (1990). An award of maintenance is premised upon a finding by the court that the individual seeking maintenance "lacks sufficient property to provide for his reasonable needs; and is unable to support himself through appropriate employment." Section 40-4-203(1)(a)(b), MCA. The District Court in this case made such a finding. The court must then consider all relevant facts in determining an appropriate award of maintenance. Section 40-4-203(2), MCA. Some of the relevant facts to be considered include:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 40-4-203(2), MCA.

A specific finding by the court regarding each of these relevant facts is not required as long as the court considered

proper information in addressing these facts and based its decision upon substantial credible evidence. In re Marriage of Cole, 234 Mont. 352, 763 P.2d 39 (1988). These relevant facts are to be considered by the court as a whole in the determination of the final maintenance award. Cole, 763 P.2d at 43.

There is substantial credible evidence to support the District Court's monthly maintenance award of $800.00 to the wife. "Maintenance payments supplement the property division." Cole, 763 P.2d at 42. The ability of the property award to produce income is an essential consideration in the determination of the appropriateness of a maintenance award. See generally Cole; In re the Marriage of Bowman, 633 P.2d 1198, 38 St.Rep. 1525 (Mont. 1981). At the request of both parties, the husband was given all of the income-producing property, which included the farm and all of its accompanying assets and liabilities. As a result, the wife was given remaining property consisting primarily of a house, furnishings and a car. All of the wife's property is income-consuming property in that it will not be able to produce income for the wife. In fact, this property will eventually require repair or replacement thereby depleting the wife's property settlement.

Although the wife was allotted $30,000.00 by the court which at some time could be invested by the wife and thereby become income-producing, this amount will not come due for another six years. In the meantime, the wife has no means of support. She has had little education or experience in the work force.

Additionally, she is suffering from a mental disorder which could reasonably make it difficult for her to secure a job at this time. The only evidence submitted to the court regarding an appropriate award for monthly maintenance was the uncontradicted statement by the wife that she, the husband and the children spent approximately $2,000.00 per month on living expenses while still living with the husband. In addition to the wife, the maintenance award must also support the children when the wife partakes of her liberal visitation rights. In light of these facts, $800.00 per month is not an unreasonable sum for the maintenance of a household.

There is substantial credible evidence to support the court's award of educational expenses and psychotherapy costs. It is undisputed that the wife suffers from a paranoid mental disorder. Expert testimony revealed that she would need approximately two years of psychotherapy to overcome this disorder. Following psychotherapy, the wife should be capable of benefiting from higher education. This education is necessary to enable the wife to continue in her accustomed lifestyle.

The husband argues that Bowman states that the maintenance award should be struck down for failure to decree an amount certain. Although in Bowman we said that the type of property awarded and appropriate employment must be evaluated in "establishing amounts and duration of maintenance," the amount established does not have to be certain. Bowman, 633 P.2d at 1201. In this case, it would be impossible to accurately determine the cost. However, the court was concerned and therefore placed

6

conditional limitations on the wife. The psychotherapy will be for two years and she must complete the degree within six years. Further, the education must be obtained from a college or university in Montana. These conditions sufficiently identify the costs involved.

The husband has also argued that his ability to meet these costs is determinative of the appropriateness of a maintenance award. We agree that this is an important consideration but must be viewed in accordance with the facts of this case. The husband has been given all of the income-producing property in the property settlement. The husband will continue to be engaged in an agricultural business that, for the past three years, has been increasingly profitable. It is reasonable to assume that the husband will continue on such a track. There is no information in the record to suggest that these maintenance payments will financially deplete the husband. In light of the facts of this case, the District Court's award of maintenance to the wife is supported by substantial, credible evidence.

The second issue is whether the award of $30,000.00 by the District Court to the wife as part of the division of property was a clear abuse of discretion.

The husband argues that the District Court abused its discretion by awarding the wife $30,000.00, plus interest, as part of the property distribution. The husband argues that this ruling is inequitable in light of all of the maintenance payments the husband has also incurred. We disagree.

A "District Court's judgment, when based upon substantial credible evidence, will not be altered unless a clear abuse of discretion is shown." In re the Marriage of Stewart, 232 Mont. 40, 42, 757 P.2d 765, 767 (1988), citing In re the Marriage of Watson, 227 Mont. 383, 739 P.2d 951 (1987). Section 40-4-202, MCA, lists the factors the court must consider in dividing the property assets and liabilities between a husband and wife. The division must be "equitable" when reviewing the particular facts of the case with the factors listed. Section 40-4-202(1), MCA.

The District Court specifically found that the $30,000.00 award was equitable under the facts and circumstances of this case. The court's finding regarding this $30,000.00 award reads as follows:

> [I]t was the court's original purpose herein to divide the marital estate "equitably" rather that necessarily "equally," as originally stated. Equity means, generally, as close to equality as possible and reasonable under the facts and circumstances of the particular case and in keeping with the principles of justice. These parties originally married and set out to share their lives and all included therein. Both used their wits and their goods for the good of their family. Each contributed equally; each must share in proportion to his or her contribution if possible. It is possible here.

This finding indicates that the District Court did not abuse its discretion in awarding the wife the $30,000.00. Upon reviewing the particular facts of this case, the court concluded that each party had essentially contributed equally to the marriage and was entitled to as close to equal portions of the acquired property as possible.

The District Court also placed a value upon all of the assets and distributed these assets in accordance with the wishes of the parties in keeping the farm intact. Subsequently the court found it necessary to award the wife $30,000.00 in an attempt to equalize the property division. Based upon the court's findings and the particular facts of this case, there is substantial credible evidence to support the $30,000.00 award to the wife.

The third issue raised is whether the District Court's findings, particularly findings nos. 10, 11 and 15, are clearly erroneous.

The husband argues that the District Court's findings are not supported by substantial, credible evidence and, are therefore, clearly erroneous. The particular findings that the husband argues are unsubstantiated are: the finding that the husband's physical abuse of the wife during marriage was instrumental and causative of the wife's mental and psychological problems; the finding that on several occasions the children were witnesses to violence; and the finding that the wife's mental disorder had not adversely affected either child. We find that there is substantial, credible evidence to support the findings of the District Court and they are not, therefore, clearly erroneous.

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Rule 52(a), M.R.Civ.P. Evidence was presented at trial regarding the wife's mental disorder and of the effects of spouse abuse syndrome.

9

It was indicated at trial that spouse abuse syndrome could be a cause of the wife's disorder. The husband's expert, Dr. Tranel, testified that he had insufficient information at that time to determine the exact cause of the wife's mental disorder. Without evidence to the contrary, the District Court's conclusion that the physical abuse by the husband may have been one of the known causes of the wife's mental disorder is supported by substantial credible evidence and is, therefore, not clearly erroneous.

The District Court found that on several occasions the children were witnesses to violence. Testimony from primarily the wife indicated that there was one recent occasion when the husband threw her against the wall while she was holding Brandon. Additional testimony indicated that Ashley had been disciplined at least twice by the husband hitting her on the back. Although the word "several" may not have been completely appropriate, we hold that there is substantial, credible evidence to support the District Court's conclusion that the children had been witnesses to violence. The use of the word several, if error, was harmless.

Conflicting evidence was presented at trial concerning the effect the wife's mental disorder had on the children, particularly Ashley. As long as the court's findings are supported by "substantial though conflicting" evidence such findings will not be disturbed. See In re the Marriage of Johns, 776 P.2d 839, 841, 46 St.Rep. 1249, 1251 (Mont. 1989). Expert testimony at trial provided very little evidence concerning the effect the wife's disorder had on the children. The court was in the best position

to judge the credibility of the witnesses and their testimony. From this position the court chose to emphasize the testimony that the wife's mental disorder had not adversely affected either child. There is substantial credible evidence to support the District Court's finding.

The final issue, raised on cross-appeal by the wife, is whether the District Court erred by refusing to award attorney's fees to the wife. This issue must be dismissed for failure to be properly raised upon appeal in accordance with Rule 5(a)(4), M.R.App.P.

Normally, the time for filing an appeal is 30 days from the entry of judgment. Rule 5(a)(1), M.R.App.P. However, an exception to this filing rule exists in Rule 5(a)(4), M.R.App.P. The exception states, in pertinent part, that:

> (4) If a timely motion under the Montana Rules of Civil Procedure is filed in the district court by any party:. . .(iii) under Rule 59 to alter or amend the judgement;. . .the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. . . A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above . . . (Emphasis added.)

Rule 5(a)(4), M.R.App.P.

In this case, the final Decree of Dissolution was filed on September 15, 1988. As a result, the husband's notice of appeal filed August 16, 1988, was premature and invalid. The husband filed a timely motion to alter or amend the decree, pursuant to Rule 59(g), M.R.Civ.P., on September 26, 1988. The court's order

11

on the motion was dated November 4, 1988, and was filed on November 7, 1988. The wife's motion for appeal, filed on October 12, 1988, was filed prior to the court's ruling on the pending motion to amend and is, therefore, invalid under Rule 5(a)(4), M.R.Civ.P. A notice of appeal was required to be filed by either party 30 days from November 7, 1988, the date of entry of the court's order disposing of the motion to amend. See generally In re the Marriage of Neneman, 217 Mont. 155, 703 P.2d 164 (1987). The wife failed to comply with this requirement.

AFFIRMED with dismissal of the cross-appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

12

Justice Diane G. Barz, dissenting.

I dissent and would remand this case to the District Court on several grounds. The District Court completely failed to address or consider § 40-4-203(2)(b), MCA, in determining an appropriate award of maintenance. That factor in light of the maintenance award in this case is very important: namely the ability of the spouse from whom maintenance is being sought to meet his needs while meeting those of the spouse. Here we have the husband required to pay $800 per month for maintenance plus the wife's psychotherapy for two years, including hospitalizations and costs of her college for six years without restriction. In addition, the husband is to make house payments for the wife, completely support the children and provide for their counseling, and pay for counseling for himself. There is no evidence whatsoever where he is to find that kind of money other than the assertion that he is a "successful" farmer. The wife testified that she, the husband and children spend approximately $2,000 per month and the husband agreed but did point out that figure included farming expenses as well. Spending $2,000 per month and having the income or means to spend that much are significant differences on which the record is silent.

In Finding of Fact No. 10, the court found:

> 10. Petitioner, to one degree or another, suffers from a paranoid disorder which will require at least two years of intensive counseling. There is no evidence that this disorder has adversely affected either of the children of the parties hereto; and, at this point, it is purely speculative

13

that said disorder will have an adverse effect in the future.

In light of the court's finding and evidence on the five-year-old daughter's "emotionally disturbed" condition, Finding No. 10 is not only clearly erroneous, it is preposterous. The wife's mental illness and her bizarre behavior because of it cannot be ignored anymore than the husband's personality disorder as it relates to the best interests of the children. To say there is no adverse effect on either of the children is a naive opinion of the District Court and contrary to the evidence in this case.

In Finding of Fact No. 15, the District Court stated:

> 15. The finding is unavoidable that Petitioner's health problems spring from and are to a large extent result from her physical and emotional abuse and humiliation by the Respondent during the marriage. She is shown to be intelligent, having a pleasing personality and to have been normal before her marriage. She was involved to a degree in some very fundamentalist religious practices during marriage, which caused some waves, but don't appear to be a major force in her present condition. Her religious and health concerns appear to be coincidental or concurrent or even part of her problem, rather than causal.

That finding is clearly erroneous if the court is attempting to find the cause of her mental illness. Such a finding of marital misconduct is also contrary to Montana's no-fault dissolution law.

Dr. Tranel testified that one could not know the causes of the wife's mental illness of a paranoid disorder, and data showing biological contribution, psychological factors and social contributions to the disorder all interact and need to be considered. Dr. Tranel also pointed out there is a strong school

14

of thought in his profession that believes that the mental disorder is primarily a biochemical malfunction but it was his opinion that that evidence alone is inconclusive. In addition, there was no psychiatric or medical testimony presented during the trial which would allow the District Court to find the causative factor of the wife's illness. In actuality it serves little purpose to find the causative factor, particularly if it is in fact a genetic condition which is inherited. Regardless, treatment is necessary.

Both Finding No. 10 and Finding No. 15 should be vacated or at least modified. It would appear, unfortunately, that the District Court Judge has not seen the last of this family's problems in any event.

_____
Justice

Justice John Conway Harrison joins in the foregoing dissent of Justice Diane G. Barz.

_____
Justice

IN THE SUPREME COURT FOR THE STATE OF MONTANA

----------------------

No. 88-553
----------------------

IN RE THE MARRIAGE OF          )
                               )
SUSAN RIDGEWAY ERNST,          )
                               )     O R D E R
     Petitioner & Respondent,  )
                               )
     v.                        )
                               )
LENNIE RAY ERNST,              )
                               )
     Respondent & Appellant.   )

----------------------

On May 24, 1990 this Court issued its opinion in the case of In Re the Marriage of Ernst, __ P.2d __, 47 St. Rep. 1034, (Mont. 1990), in which we affirmed the judgment of the District Court of the Tenth Judicial District, Judith Basin County, ordering appellant, Lennie Ray Ernst, to pay maintenance support to respondent, Susan Ridgeway Ernst. Appellant requests a rehearing.

Appellant correctly points out that the statement in the opinion, "The psychotherapy will be for two years and she must complete the degree within six years." is erroneous. The statement should have read, "The husband is responsible for the wife's psychotherapy for six years. The husband may obtain medical insurance to cover this responsibility. The wife must complete her educational degree within six years."

Because the change in the language of the opinion does not affect the decision the Petition for Rehearing must be denied.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. The following phrase shall be stricken from the original Opinion at page 7, lines 1-2: "The psychotherapy will be for two years and she must complete the degree within six years."

1

2. The stricken phrase shall be replaced with: "The husband is responsible for the wife's psychotherapy for six years. The husband may obtain medical insurance to cover this responsibility. The wife must complete her educational degree within six years."

3. Appellant's petition for rehearing is DENIED.

4. The Clerk of this Court shall mail a true and correct copy of this Order to all counsel of record.

DATED this 20 day of June, 1990.

_____
Chief Justice

_____

_____
Justices

Justice John C. Harrison and Justice Diane G. Barz would grant a rehearing.

2