No. 90-064

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF
SUZANNE GLARUM SULLIVAN,
      Petitioner and Respondent,

and

CLIFFORD LEROY SULLIVAN,
      Respondent and Appellant.

FILED

JUN 2 6 1990

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Mary Ann Sutton, Judge Pro Tempore
               presiding.

COUNSEL OF RECORD:

      For Appellant:

            Marshall Murray, Murray, Kaufman, Vidal, Gordon &
            Ogle, Kalispell, Montana

      For Respondent:

            Wendell B. Dunn, Whitefish, Montana

                                    Submitted:   April 26, 1990

                                    Decided:   June 26, 1990

Filed:

_____
                        Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

On August 16, 1988, Suzanne Glarum Sullivan (Suzanne) filed an action in the Eleventh Judicial District Court, Flathead County, to dissolve her marriage. On December 6, 1988, the District Court ordered Clifford Leroy Sullivan (Clifford) to pay $600 per month for the parties' two minor children. Furthermore, the Court ordered Clifford to provide health insurance for the two minor children. In order to secure an early trial date, the parties voluntarily elected to go to trial before a judge pro tempore, without a jury, on July 13, 1989. On October 23, 1989, the court entered its findings of fact, conclusions of law and orders, dissolving the parties' marriage. Now Clifford appeals the District Court order. We affirm.

Clifford's issue on appeal can be summarized as follows:

Whether the District Court erred in determining Clifford's annualized income for application of Child Support Guidelines, maintenance, attorney fees and reimbursement of Suzanne's moving expenses.

Clifford and Suzanne were married in Sioux City, Iowa, on July 11, 1964. The parties separated in the summer of 1986. On August 16, 1988, Suzanne filed a petition for dissolution with the District Court. The couple has four children, Clifford, born January 11, 1966, Melissa, born October 5, 1967, Patrick, born March 3, 1971 and Molly, born October 24, 1975. At the time of the trial, the three younger children were residing with Suzanne, however, only Molly was under the age of 18 and thus the issue of child support only concerns Molly.

As the District Court noted in its findings, Suzanne now works as a bookkeeper. Before the dissolution, Suzanne's primary role was that of a homemaker. In 1987, Suzanne did start a take-and bake pizza business in Choteau, Montana. The pizza business, however, proved unsuccessful and closed, producing a net loss. Clifford has his own business, Sullivan Wholesale, which involves

2

the purchasing and resale of chemicals and chemically related products. Clifford continued his chemical sales business up to and through the time of trial.

In determining child support, the District Court looked to the child support guidelines for guidance, and set forth the following child support obligation:

WORK SHEET #1
FOR
DETERMINATION OF CHILD SUPPORT

| | MOTHER | COMBINED | FATHER |
|---|---|---|---|
| 1. GROSS INCOME (annualized) | $12,240.00 | | $42,000.00 |
|    a. earnings | | | |
|    b. imputed income | | | |
|    c. percent of asset value | | | |
|    d. other | | | |
| 2. DEDUCTIONS (annualized) | | | |
|    a. taxes | 1,200.00 | | 2,000.00 |
|    b. FICA | | | |
|    c. union dues | | | |
|    d. mandatory retirement | | | |
|    e. mandatory health ins. | | | |
|    f. child support (pre-existing) | | | |
|    g. medical insurance (paid on behalf of children) | | | 780.00 |
|    h. other | | | |
|    i. TOTAL | 1,200.00 | | 2,780.00 |
| 3. NET AVAILABLE RESOURCES (line 1e minus line 2i) | 11,040.00 | | $39,220.00 |
| 4. COMBINED TOTAL NET INCOME | | $50,260.00 | |
| 5. PERCENTAGE FROM TABLE | | 16.8% | |
| 6. EACH PARENT'S OBLIGATION (line 3 x line 5) | 1,854.72 | | $6,588.96 |
| 7. MONTHLY SUPPORT OBLIGATION (line 6 divided by 12 months) | 154.56 | | $549.08 |

In addition to the child support, the District Court awarded Suzanne $250 per month in maintenance for a period of two years, moving expenses, and attorney fees.

I.

Whether the District Court erred in determining Clifford's annualized income for application of Child Support Guidelines, maintenance, attorney fees and reimbursement of Suzanne's moving expenses.

The District Court determined Clifford's annualized gross income for application to the Guidelines to be $42,000. Clifford contends the District Court grossly overestimated his annual income. According to Clifford, his annual income for the years 1988 and 1989, was approximately $12,000. Clifford arrived at this figure by deducting his business expenses from his gross income, specifically, expenses for freight, utilities, supplies and auto and travel expenses. These business expenses were gleaned from a combination of the parties 1988 tax returns and his 1988 and 1989 income summaries introduced at trial.

The District Court disagreed with Clifford, choosing to disregard the tax returns and income summaries, and not to include the above-mentioned expenses as deductions. It is here that Clifford takes issue.

Under the Montana Child Support Guidelines (1987) 227 Mont. 1, the primary focus for determining available income for paying child support is based on a parent's disposable income rather than taxable income. "It is the disposable income of the parent, and not their income tax returns alone, which must be considered by the court." In Re the Marriage of Stewart (Mont. 1990), 47 St.Rep. 1116, 1118; In Re the Marriage of Gray (Mont. 1990), 47 St.Rep. 552, 555, 788 P.2d 909, 912; In Re the Marriage of Mitchell (1987),

4

229 Mont. 242, 246-47, 746 P.2d 598, 602. As a result, the Guidelines dictate allowing only a minimum of exclusions from the parent's gross income. Guidelines, 227 Mont. at 7. Included within this list of exclusions under the Guidelines are deductions for legitimate business expenses. Guidelines, 227 Mont. at 7. Clifford urges this Court to find his expenses are legitimate business expenses under the Guidelines.

Recently, in In Re the Marriage of Smith (Mont. 1990), 47 St.Rep. 925, we affirmed the District Court's finding that dues and publications, auto expenses, attorney fees, accounting fees, and deductions for business investments, were legitimate business expenses, and thus deductible from income to calculate a husband's child support obligation under the Guidelines. In Smith, the wife's own expert witness, an experienced family law attorney, testified that the husband's expenses were legitimate business expenses under the Guidelines. The wife presented no evidence that these expenses were not deductible under the Guidelines, and the District Court, relying on the expert testimony, considered them as legitimate business expenses.

A spouse who gains a livelihood from the operation of a business is entitled to utilize the deductions allowed by law to determine his income for purposes of fixing his state and federal income tax liability. In marriage dissolution cases, the court is not bound by those deductions in determining cash flow of such a spouse to fix a proper amount of child support and, if necessary, maintenance. Stewart, 47 St.Rep at 118. In this case the trial

judge got little help from either party, especially Clifford, in reaching a prior estimate of Clifford's disposable income. The court noted this difficulty in its findings:

38.     This suit involved the usual difficulties encountered where one or both of the parties are self-employed. This was compounded by the wildly divergent approaches to the financial issues taken by counsel in their post-trial proposals for judgment. Petitioner's proposal overinflated the value of the marital estate through a method so complex as to be nearly unintelligible. Her child support calculations were quite simply unprecedented in this counsel's experience. In contrast, Respondent's proposal was so undervalued and simplistic as to border on the ridiculous.

This trier-of-fact had no crystal ball to illuminate the true story of the parties' financial course in the months preceding and following their separation in 1987. It was clear that Respondent had control of in excess of $15,000.00 from the money market account and a bank loan. It was clear that the marriage was in financial trouble at that time with past due mortgage and other obligations. It is clear funds were used to start both parties' businesses, to pay Melissa's college tuition, and for necessaries of life. Respondent did not substantiate where every dime of money that passed through his hands during this time went. However, Petitioner did not, and could not from her position rebut Respondent's testimony by a preponderance of the evidence.

In weighing the credibility of the parties' testimony and the relative weight of the evidence presented, it is surmised that Respondent had access to and did expend substantially more funds for his personal and business use than was allotted to Petitioner during this period. The source of the $5,000.00 C.D. Respondent holds as collateral for his business revolving credit line was not brought to light. No credible explanation was offered for Respondent's ability to generate the sum of $1,000.00 per month to support his wife and children following the separation and prior to receiving Petitioner's motion for temporary orders on support in October of 1988. At that time Petitioner engaged her attorney, preparatory to the November hearing date, he failed to pay any support that month and she obtained a court order allowing him to pay $300.00 per month. Respondent now proposes to pay $119.00 per month support for the minor child.

6

> In view of the equities involved and the failure by both parties to carry their burdens of proof to support their own contentions, the best that can be stated is that the truth lies somewhere between the parties' positions and has yet to see light of day. The valuation of the marital estate, the distribution thereof, the reimbursements and credits to Petitioner, the award of limited maintenance and attorney fees and amount of child support are fair and equitable under the circumstances presented.

The District Court properly weighed the evidence by both parties, and chose not to adopt the deductions set forth in Clifford's tax returns and income summaries. We find the District Court did not abuse its discretion in denying Clifford's deductions.

Next, Clifford contends the District Court failed to specify how it established child support, maintenance, attorney fees and moving expenses. Regarding child support, the District Court's findings specifically state that the Guidelines were applied to Clifford's income based on averages of past years' tax returns and projections for 1989. Furthermore, the court properly attached a worksheet to the findings to demonstrate exactly how it arrived at the child support figures. We find no abuse of discretion by the District Court in determining the child support award.

The appropriate standard of review for an award of maintenance is established by § 40-4-203, MCA. In Re the Marriage of Ernst (Mont. 1990), 47 St.Rep. 1034, 1035; In Re the Marriage of Barnard (Mont. 1990), 785 P.2d 1387, 1341, 47 St.Rep. 152, 156; In Re the Marriage of Lundvall (Mont. 1990), 786 P.2d 10, 12, 47 St.Rep. 173,

175. An award of maintenance is premised upon a finding by the court that the individual seeking maintenance "lacks sufficient property to provide for his reasonable needs; and is unable to support himself through appropriate employment." Section 40-4-203(1)(a)(b), MCA. The District Court in the present case made such a finding. Next, the District Court must then consider all relevant facts in determining an appropriate award of maintenance. Section 40-4-203(2), MCA. Section 40-4-203(2), MCA, sets forth the following factors for the court to consider:

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) the standard of living established during the marriage;

(d) the duration of the marriage;

(e) the age and the physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 40-4-203(2)(a)-(f), MCA.

A specific finding by the District Court as to each of these relevant facts is not required as long as the court considered proper information in addressing these facts and based its decision upon substantial credible evidence. In Re the Marriage of Cole (1988), 234 Mont. 352, 359, 763 P.2d 39, 43. These relevant facts

8

are to be considered by the court as a whole in the determination of the final maintenance award. Ernst, 47 St.Rep. at 1037.

There is substantial credible evidence to support the District Court's monthly maintenance award of $250 to Suzanne. The parties resided together for 23 years, during which time Suzanne was a part-time bookkeeper for her husband, occasionally held part-time outside employment, but was predominantly a full-time housewife. Her only steady employment, as an owner of a pizza business, proved unsuccessful. The District Court found that the maintenance provided Suzanne with the opportunity to obtain job training and employment sufficient enough to support her household. Her current job is insufficient to meet her monthly expenses.

The District Court, in its findings, also specifically recognized the fact that Clifford had demonstrated in the past an ability to provide Suzanne $1,000 per month which he did from August, 1987, through May, 1988. The current child support award and maintenance obligation are less than the $1,000 provided by Clifford. The evidence presented at trial clearly reveals Clifford is capable of paying the $250 per month child support.

The District Court, in awarding maintenance to Suzanne, made numerous findings relating to the parties' work history, skills, both past and present standards of living and the parties present employment. In light of the facts of this case, the District Court's award of maintenance to Suzanne is supported by substantial, credible evidence.

Clifford claims the District Court erred in granting Suzanne her attorney fees. The awarding of attorney fees is governed by § 40-4-110, MCA, which states:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay reasonable amount for the cost to the other party of maintaining or defending and proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment . . .

This Court has stated that the awarding of attorney fees is clearly permissive under this statute. In Re the Marriage of Smith (Mont. 1990), 47 St.Rep. 935, 931; In Re the Marriage of Gallinger (1986), 221 Mont. 463, 471, 719 P.2d 777, 782; In Re the Marriage of Obergfell (1985), 218 Mont. 83, 88, 708 P.2d 461, 564. The appropriate standard for reviewing a district court decision awarding attorney fees under § 40-4-110, MCA, is whether the court abused its discretion in awarding such fees. In Re the Marriage of Manus (1987), 225 Mont. 457, 465, 733 P.2d 1275, 1279; In Re the Marriage of Johnston (1986), 223 Mont. 383, 388, 726 P.2d 322, 326. Clifford, relying on Barnard, 785 P.2d at 1391, argues the District Court's award of attorney fees to Suzanne were not based on necessity, unreasonable, and not supported by competent evidence at trial. We disagree with Clifford, and find that the court's Finding No. 34 supports an award of attorney fees:

> Petitioner has incurred substantial debt as a direct result of the dissolution proceedings and one of those debts is attorneys' fees in this matter. Respondent has indicated owing two debts, both of which are covered and secured by collateral sufficient to satisfy the

10

indebtedness. Petitioner's financial resources are insufficient to allow her to pay her attorneys and she should be allowed to recover a reasonable amount for payment of this indebtedness from the Respondent pursuant to Section 40-4-110, MCA.

The record indicates the District Court was aware of the financial resources and financial burdens of both parties as required by § 40-4-110, MCA, and from this record the court properly awarded Suzanne her attorney fees. Thus, we find no abuse of discretion by the District Court's award of attorney fees.

Finally, Clifford argues the District Court erred is granting Suzanne's moving expenses. The District Court stated the following in Finding No. 32:

> During the separation the <u>parties had initially agreed</u> that one of them would have to leave Choteau, Montana. Petitioner felt compelled to move and incurred expenses of $1,038.56 to do so. She is entitled to recover one-half of these expenses from Respondent, or $519.28. (Emphasis added.)

We agree with the District Court, and find it reasonable to allow Suzanne to recover a portion of her agreed upon expenses. The District Court's decision is sound and substantial credible evidence exists to support it.

Accordingly, we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

11

_William E Hunter_

_Diane G. Br_

Justices

# CORRECTION

Date 7/20/90

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 64526, St. Paul, MN 55164-0526
ATTENTION: PLATE CORRECTIONS

Please make the following correction in the opinion in the case of:

Title: No. 90-064, Mar. of Sullivan

Vol. _____ Rptr. _____ Page 9

In ~~first~~ second ~~column~~, line 15 from top (bottom)

. . . Child support

should read . . . . maintenance

Signed Pam Chapman Otto

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182e
Item 509

are to be considered by the court as a whole in the determination of the final maintenance award. Ernst, 47 St.Rep. at 1037.

There is substantial credible evidence to support the District Court's monthly maintenance award of $250 to Suzanne. The parties resided together for 23 years, during which time Suzanne was a part-time bookkeeper for her husband, occasionally held part-time outside employment, but was predominantly a full-time housewife. Her only steady employment, as an owner of a pizza business, proved unsuccessful. The District Court found that the maintenance provided Suzanne with the opportunity to obtain job training and employment sufficient enough to support her household. Her current job is insufficient to meet her monthly expenses.

The District Court, in its findings, also specifically recognized the fact that Clifford had demonstrated in the past an ability to provide Suzanne $1,000 per month which he did from August, 1987, through May, 1988. The current child support award and maintenance obligation are less than the $1,000 provided by Clifford. The evidence presented at trial clearly reveals Clifford is capable of paying the $250 per month maintenance.

The District Court, in awarding maintenance to Suzanne, made numerous findings relating to the parties' work history, skills, both past and present standards of living and the parties present employment. In light of the facts of this case, the District Court's award of maintenance to Suzanne is supported by substantial, credible evidence.