No. 90-490

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

---

IN RE THE MARRIAGE OF KEVIN THOMAS DUNN,

        Petitioner and Appellant,

and

DEBORA MARIE DUNN,

        Respondent and Respondent

**FILED**

APR 11 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Daniel Donovan, Great Falls, Montana

    For Respondent:

    Don A. LaBar, Church, Harris, Johnson & Williams,
Great Falls, Montana

---

Submitted on briefs: February 21, 1991

Decided: April 11, 1991

Filed:

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

Kevin Thomas Dunn appeals from a decree of dissolution of his marriage to Debora Marie Dunn, entered in the Eighth Judicial District Court, Cascade County, which awarded Debora $500 per month for maintenance for six years.

On appeal, Kevin contends that the District Court did not consider the statutory requirements for an award of maintenance to Debora, and that the amount and term of the maintenance award was excessive. After consideration of these issues, we affirm.

Debora and Kevin were married on July 23, 1983. They have one child, Corey, who was three years old at the time of the dissolution. At the time of the hearing, Kevin was 29 years old and Debora was 32 years old.

For the first three years of their marriage, the couple lived in Billings, Montana. Kevin graduated from Eastern Montana College in 1984, with a bachelor's degree in bank operations management. Shortly afterward, Deluxe Check Printers hired Kevin as a salesman. Deluxe transferred Kevin to Great Falls, Montana in 1986. Since then, he has continued to work for the company as a salesman.

Debora has worked throughout the marriage. In Billings, she worked as an office manager for a real estate agency. After moving to Great Falls, she found work as an office manager for Pierce Flooring. She left briefly to work for a Great Falls insurance agency, and then was hired back again by Pierce.

At the time of trial, Kevin's gross income was approximately $37,000 per year, while Debora's gross income was approximately $14,000 per year. The record reveals that both Kevin's and Debora's expenses exceeded their net incomes. In addition to Kevin's $37,000 salary, he received a company car, a 1990 Ford Taurus 4-door sedan at a monthly charge of $25.00; comprehensive health insurance, including dental and optical coverage; an expense account for meals and lodging for his sales trips; and a $5,000 per year contribution to his retirement plan. The only fringe benefit Debora had was a minimal health care plan.

The couple also owned a 1988 Honda Prelude valued at $9,000. However, the couple owed the bank $9,728.58 to pay for the Honda. The District Court awarded the car to Debora.

The District Court made the following distribution of the marital estate:

| Asset | Debora | Kevin |
|---|---|---|
| Net sale proceeds, family home | $2,750.00 | $2,750.00 |
| Household furniture | 2,445.00 | 4,075.00 |
| Honda Prelude | 9,000.00 | |
| Kevin's bank accounts | | 130.00 |
| Debora's bank accounts | 60.00 | |
| Deluxe stock | 5,600.44 | 5,600.44 |
| Kevin's retirement | 9,976.39 | 9,976.38 |
| 1990 contributions to retirement | (1/6) | (5/6) |
| 1989 Income tax refunds | 150.00 | 149.00 |
| TOTAL ASSETS | $29,871.83 | $22,680.82 |
| Less Debts | 12,509.78 | 7,452.75 |
| Net Marital Estate | 17,472.05 | 15,228.07 |

3

In addition, the District Court ordered Kevin to pay Debora's attorney fees amounting to $2,112.50.

The couple agreed that they should have joint legal custody of Corey. The District Court, however, granted physical custody to Debora, and ordered Kevin to pay $277.23 per month in child support. Furthermore, the District Court found that "child care costs should be divided in accordance with the parties' gross incomes: 28% to Respondent Wife; 72% to Petitioner Husband."

In addition to the child support, the District Court awarded Debora $500 per month for maintenance for a period of six years. In awarding maintenance to Debora, the District Court found that:

> The Respondent-Wife is 32 years old. She is employed as office manager by Pierce Flooring in Great Falls, Montana. Respondent-Wife requests that she be awarded spousal maintenance in an amount and for such period of time as the Court deems equitable. From the evidence introduced, it is clear the Respondent-Wife lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment. Respondent-Wife gave up a better job in Billings to move to Great Falls with her husband in early 1986; she still is earning less now than when she left Billings. Considering the need of Respondent-Wife to find appropriate employment or to acquire sufficient additional education or training for better employment, the standard of living established during the marriage, the duration of the marriage, the age and emotional condition of Respondent-Wife, and the ability of the Petitioner-Husband to meet his needs while assisting his spouse with maintenance, for a reasonable period of time, spousal maintenance is appropriate in this case for a period of six years at the rate of $500 per month commencing June 1, 1990.

Kevin moved to alter or amend the District Court's decree. In his motion, Kevin argued, among other things, that the District

4

Court erred in awarding maintenance to Debora. The District Court denied this motion. Kevin appeals the District Court's maintenance award.

## MAINTENANCE

The appropriate standard of review for an award of maintenance is established by § 40-4-203, MCA. In Re the Marriage of Sullivan (1990), 243 Mont. 292, 298, 794 P.2d 687, 690. As we stated in Sullivan, 794 P.2d at 690:

> An award of maintenance is premised upon a finding by the court that the individual seeking maintenance 'lacks sufficient property to provide for his reasonable needs; and is unable to support himself through appropriate employment.' Section 40-4-203(1)(a)(b), MCA.

In this case, Kevin maintains that Debora's share of the marital property and her current employment are more than sufficient to provide for her reasonable needs. The District Court record and the District Court's findings tell a different story. The record reveals that Debora's $940 in monthly income falls far short of her monthly expenses. The District Court's findings show that Debora's monthly budget ran a deficit of $1,033.77. Kevin argues that Debora could erase her monthly deficit with property acquired from the marital estate. In determining whether a spouse has sufficient marital property to support herself, this Court will consider whether the spouse seeking maintenance has received income producing or income consuming assets. In Re the Marriage of Cole (1988), 234 Mont. 352, 356, 763 P.2d 39, 42; In Re the Marriage of Goodman (1986), 222 Mont. 446, 451, 723 P.2d 219, 222. A review

of the marital property distribution reveals that the District Court awarded Debora the Honda Prelude ($9,000) and furniture ($2,445). Neither is income producing property. See Cole, 763 P.2d at 42. Subtracting these two above items from Debora's share of the marital assets will leave Debora with $18,536.83 in marital assets or "income producing assets." After paying the $12,509.78 of debts assigned to Debora, she will have $6,027.05 of assets remaining. This amount of income producing property would be insufficient to fulfill her reasonable economic needs.

Next, the District Court must consider all the relevant facts in determining an appropriate maintenance award. Section 40-4-203(2), MCA. That section is as follows:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> (c) the standard of living established during the marriage;
>
> (d) the duration of the marriage;
>
> (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
>
> (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Section 40-4-203(2)(a)-(f), MCA.

6

As we stated in <u>Sullivan</u>, "[a] specific finding by the District Court as to each of these relevant facts is not required as long as the court considered proper information in addressing these facts and based its decision upon substantial credible evidence." <u>Sullivan</u>, 794 P.2d at 691; <u>Cole</u>, 763 P.2d at 43. Furthermore, "these relevant facts are to be considered by the court as a whole in the determination of the final maintenance award." <u>Sullivan</u>, 794 P.2d at 691. There is substantial credible evidence to support the District Court's monthly maintenance award of $500 to Debora. The record reveals, and the District Court found, that Debora has insufficient financial resources to provide for her reasonable needs. The maintenance payment also allows Debora the opportunity to return to school to improve her employment prospects. Her current job is insufficient to meet her monthly expenses. The record reveals that Kevin is capable of making the maintenance payments.

The District Court, in awarding maintenance to Debora, clearly reviewed the couple's work history, skills, standards of living, and the parties' present employment. Based on these facts, the District Court's award of maintenance to Debora is supported by substantial credible evidence.

Accordingly, we affirm the District Court's maintenance award.

_____
Justice

7

We Concur:

_John Conway Harrison_

_[signature]_

_William E. Hunt_

_R.C. McDonough_
Justices

8