No. 92-112

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

BONNIE LOZON,

      Petitioner and Respondent

  and

LARRY LOZON,

      Respondent and Appellant.

FILED

DEC 18 1992

...i Smith
OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Elizabeth A. Best, Attorney at Law,
        Great Falls, Montana

    For Respondent:

        John F. Iwen, Attorney at Law,
        Great Falls, Montana

Submitted on Briefs:  May 21, 1992

Decided:  December 18, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Larry Lozon appeals from a decree of dissolution of his marriage to Bonnie Lozon, entered in the Eighth Judicial District Court, Cascade County, which awarded Bonnie $200 per month for maintenance for two years, in addition to an award of costs and attorney fees.

Larry contends that there is not substantial evidence in the record to support the awards of maintenance, costs, and attorney fees. We affirm the District Court decision.

Larry raises the following issues on appeal:

1. Did the District Court err when it awarded maintenance to Bonnie Lozon?

2. Did the District Court err when it awarded costs and attorney fees to Bonnie Lozon?

Bonnie and Larry Lozon were married in Great Falls on September 30, 1972. The parties separated in August 1988 and have lived apart since that time. On June 20, 1990, Bonnie filed a petition for dissolution with the District Court.

The parties have two children. Prior to the date of dissolution, Jason, who is 17, moved to live with his father in Maryland. Danielle, who is nine, resides with her mother in Great Falls. At the time of the hearing, Bonnie was 38 years old and Larry was 39 years old.

Larry worked as a drug and alcohol counselor with the United States Army throughout the parties' 19-year marriage. In late 1990 and 1991, Larry earned approximately $2400 per month after taxes as

2

a counselor, and an additional $600 per month from his part-time work at a bowling alley in Maryland. Larry's yearly earnings from 1987-1990 averaged between $25,000 and $30,000.

In a deposition taken in August 1991, Larry stated that he was retiring from his military job in September 1991. He anticipated finding new employment as a drug and alcohol counselor in private industry or with the government and expected that his annual salary would be approximately $16,000. Larry is entitled to receive $998 per month as his military retirement pension. He estimated that his one-half share of his pension, coupled with a $16,000 salary, would provide him with a yearly income of $22,223. In addition, Larry will receive free medical care from the military for the rest of his life.

Bonnie has a tenth grade education. During the 19 years of marriage, she worked primarily as a homemaker, raising the children. She has held a few jobs outside the home. In 1974, Bonnie worked in Alaska as a dish washer. In 1979, she worked in Miesau, Germany, bussing tables and washing dishes. Between February and December 1987, and on and off in 1988, she worked in Furth, Germany, in the Commissary as a store worker. Due to a back injury, Bonnie has not done any stocking of shelves or lifting since December 1987. She is currently taking medication for both back pain and asthma. Bonnie has been unemployed since August 1988. She unsuccessfully applied for employment in 1991, but did not seek employment during the year before the trial.

3

Since the parties' separation in August 1988, Bonnie's only source of income has been child support. Immediately prior to the dissolution, she received voluntary monthly child support payments of $225. She supplemented this income with food stamps worth $200 per month.

As a property settlement, the parties agreed, in view of the length of their marriage, to equally divide Larry's monthly retirement pension of $998. As of the date of the dissolution, Bonnie shall receive $499 per month as her one-half share. The parties mutually divided the personal property accumulated by them during their marriage. Bonnie retained the furniture. Larry received the 1976 Ford truck. The parties did not own any real property.

The District Court granted joint legal custody of the minor children and the parties agreed that it would be in the best interest of the children for primary care, custody, and control of Danielle to be placed with Bonnie, and for primary care, custody, and control of Jason to be placed with Larry. The court ordered Larry to pay Bonnie $215 per month as child support for Danielle. Additionally, the court awarded Bonnie $200 per month for maintenance for a period of two years. The District Court explained its award of maintenance in Finding of Fact No. 8:

> Petitioner lacks sufficient property to provide for her reasonable needs and is unable to support herself through appropriate employment.

> When the divorce is final, Petitioner will receive $499.00 per month as her share of Respondent's retirement pension with the military. This sum of money is not

4

sufficient to meet Petitioner's monthly expenses. Petitioner is further entitled to spousal maintenance from Respondent based upon the duration of the marriage and the financial resources available to the Respondent. The spousal maintenance will be in the sum of [$200] per month for a period of two years from the date of this Decree to enable Petitioner to get retraining to become self-sufficient and perhaps obtain employment which would provide her with health and accident insurance.

In addition to ordering child support and maintenance, the District Court awarded Bonnie costs and attorney fees. Larry appeals the District Court's award of maintenance, costs and attorney fees. He alleges that there is not sufficient evidence to support either award.

I

Did the District Court err when it awarded maintenance to Bonnie Lozon?

This Court will not reverse the district court's award of maintenance unless the findings are clearly erroneous. *In re the Marriage of Eschenbacher* (Mont. 1992), 831 P.2d 1353, 1355, 49 St. Rep. 393, 394; *In re the Marriage of Eide* (1991), 250 Mont. 490, 493, 821 P.2d 1036, 1037. An award of maintenance is governed by § 40-4-203, MCA. *In re the Marriage of Dunn* (1991), 248 Mont. 95, 98, 809 P.2d 571, 573; *In re the Marriage of Sullivan* (1990), 243 Mont. 292, 298, 794 P.2d 687, 690. As we stated in *Dunn*:

> An award of maintenance is premised upon a finding by the court that the individual seeking maintenance 'lacks sufficient property to provide for his reasonable needs; and is unable to support himself through appropriate employment.' Section 40-4-203(1)(a) and (b), MCA.

5

*Dunn*, 809 P.2d at 573.

In the present case, Larry asserts that the financial resources available to Bonnie are not inadequate to provide for her needs. Larry also contends that Bonnie is unemployed by choice. However, the District Court found to the contrary. We conclude that the court's findings are not clearly erroneous.

Substantial evidence exists to support the court's finding that Bonnie does not have sufficient income to pay her monthly expenses. Bonnie has $499 per month available to her from Larry's pension. Adding this to the amount she was receiving for child support, her monthly income equals $724. Her monthly expenses are $885.20.

There was also substantial evidence to support the court's finding that Bonnie is unable to support herself through appropriate employment. The records indicate that Bonnie has been a homemaker for 19 years. She has a tenth grade education and a limited work history. She has held primarily minimum wage jobs. Because of a back injury she has not done any stocking of shelves or lifting since December 1987. Furthermore, she has health problems which, while unsupported by medical testimony, are uncontroverted by any substantial evidence.

The District Court's findings regarding Bonnie's eligibility for maintenance were not clearly erroneous. There was sufficient evidence to support the District Court's finding that the requirements of § 40-4-203(1), MCA, were satisfied.

6

After determining maintenance eligibility, the District Court must determine the appropriate amount and duration of maintenance. Section 40-4-203(2), MCA, sets forth specific factors for the court to consider:

> (a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> (b) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> (c) the standard of living established during the marriage;
>
> (d) the duration of the marriage;
>
> (e) the age and the physical and emotional condition of the spouse seeking maintenance; and
>
> (f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

As we stated in *Dunn*, "[a] specific finding by the District Court as to each of these relevant facts is not required as long as the court considered proper information in addressing these facts and based its decision upon substantial credible evidence." *Dunn*, 809 P.2d at 573; *Sullivan*, 794 P.2d at 691. Moreover, "these relevant facts are to be considered by the court as a whole in the determination of the final maintenance award." *Dunn*, 809 P.2d at 573; *Sullivan*, 794 P.2d at 691.

7

Substantial credible evidence exists to support the District Court's monthly maintenance award of $200 to Bonnie. The court based its decision on the 19 year duration of the marriage, Bonnie's inability to meet her monthly expenses independently without further employment training, and Larry's ability to make the maintenance payments as a drug and alcohol counselor.

Larry testified that his monthly expenses were approximately $1260, plus what he spends on recreation. The court determined that given Larry's ability to earn $22,223 per year, he could afford to pay Bonnie maintenance of $200 per month. The court decided that maintenance for a duration of two years would enable Bonnie to obtain the retraining and further education she needs to secure employment and to become self-sufficient.

In awarding maintenance to Bonnie, the District Court considered the couple's work history, skills, and employment capabilities. The court's award of maintenance to Bonnie is supported by substantial credible evidence.

II

Did the District err when it awarded costs and attorney fees to Bonnie Lozon?

Larry claims that the District Court erred when it granted Bonnie her costs and attorney fees. Awarding of attorney fees is governed by § 40-4-110, MCA, which states:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including

8

sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after the entry of judgment.

The awarding of attorney fees is clearly permissive under this statute. *Sullivan* 794 P.2d at 691; *In re the Marriage of Smith* (1990), 242 Mont. 495, 503, 791 P.2d 1373, 1378. The appropriate standard for reviewing a district court decision awarding costs and attorney fees under § 40-4-110, MCA, is whether the court abused its discretion when it awarded such fees and costs. *In re the Marriage of Manus* (1987), 225 Mont. 457, 465, 733 P.2d 1275, 1279; *In re the Marriage of Johnston* (1986), 223 Mont. 383, 388, 726 P.2d 322, 326. To insure that there is no abuse of discretion when fees and costs are awarded, § 40-4-110, MCA, requires the court to consider the relative financial resources of the parties before making its decision. *Sullivan*, 794 P.2d at 692.

In its Conclusion No. 8, the District Court states that:

Petitioner has incurred attorney's fees and Court costs to prosecute her action, none of which have been paid; based upon the financial disparity between the parties' income producing abilities, the necessity shown by the Petitioner, the entire economic and financial facts and circumstances herein set out, the Court concludes that Petitioner does not and will not have the capability to pay her attorney's fees and costs. The Respondent should pay the same.

The record reveals that the District Court was aware of the financial resources and financial burdens of both Bonnie and Larry as required by § 40-4-110, MCA, and that the court made an informed, proper decision to award Bonnie attorney fees. The District Court's decision in this case was not a simple or easy

9

one. Based on the combined resources of the parties, which are evident from the record, it was obviously difficult to apportion them in a way that comfortably supports two households and still leaves enough to pay for the cost of litigation. However, we conclude that the District Court's award of costs and attorney fees was not an abuse of discretion and the District Court's award of maintenance was not clearly erroneous.

We affirm the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

December 18, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Elizabeth A. Best
BEST LAW OFFICE
514 Strain Building
Great Falls, MT 59401

JOHN F. IWEN, Esq.
Attorny at Law
Suite 206, Strain Building
Great Falls, MT 59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
   Deputy